## THE PEOPLE v. BEARSS.

By the eleventh section of the Act concerning Crimes and Punishments, the distinction existing at common law between principals of the first and second degree in crime, is abolished.

So is the distinction between principals and accessories *before* the fact, so far as such distinction is capable of abolition.

Accessories may,. by the act of this State, be indicted and tried with the principal, or separately, and either may be convicted or acquitted without reference to the previous conviction or acquittal of the other.

At common law, aiders and abettors might be convicted, though the principals in the first degree had been acquitted. The statute of this State has not altered the law in this respect.

Where W., R., and B., were indicted for the crime of murder, the indictment charging all the parties as principals, but in the statement of facts constituting the offence, alleging that the fatal blow was struck by W., and that R. and B. stood by and abetted, W. having been convicted : *Held,* that the record of W.'s conviction was inadmissible in evidence on B.'s trial for any purpose.

The fact of W.'s conviction was immaterial to the guilt of B., and such evidence could only tend to prejudice the minds of the jury.

APPEAL from the District Court of the Fourth Judicial District, County of San Francisco.

The defendant was indicted with Whithurst and Roberts for the crime of murder in the first degree. The indictment charges all the parties as principals, but in its statement of the facts constituting the offence, alleges that the fatal blow was struck by Whithurst, and that Roberts and Bearss stood by and abetted and assisted, " as accessories before the fact, and thereby became principals " with him " in the perpetration of the crime." It would seem from the record that, on the trial, the words "accessories before the fact " were regarded as surplusage, as the defendant was treated as a present aider and abettor, and not as such accessory. Whithurst was tried and convicted of murder in the second degree. The defendant was tried separately. On his trial, the record of Whithurst's conviction was admitted ; and the Court instructed the jury, in substance, among other things, that this record was presumptive evidence of the guilt of Whithurst of murder in the second degree ; and that if Whithurst was guilty of any offence, and the defendant stood by, aided, abetted, and assisted in its commission, then the defendant was guilty of the same offence. The jury found the defendant guilty of manslaughter, but accompanied their verdict with an earnest recommendation to mercy. Motions in arrest of judgment, and also for a new trial, were overruled, and sentence passed upon the defendant, from which he appeals, and assigns the instructions of the Court as error.

*J. Neely Johnson and E. D. Baker* for Appellant.

The Court permitted the prosecution to introduce as presumptive evidence of Whithurst's guilt of murder in the second degree, the record of his conviction, and instructed the jury accordingly. Although other evidence in the progress of the trial tended to establish the same facts, as disclosed by the record, yet we cannot estimate how much the minds of the jury were influenced by the introduction of that record in evidence.

As authority on this point, I refer to the following: "As proof of the fact of conviction, the record would be admissible, and conclusive, but it seems not to be admissible as evidence of the guilt of the convict as against another person charged with being convicted with him in crime, the record being in this respect *res inter alios acta.*" 2 Phillipps on Evidence, 22.

"On the trial of a person indicted as an accessory to murder, the record of the conviction of the principal is evidence to prove that conviction, and all its legal consequences, though not evidence of the fact of the guilt of the prisoner." Keither *v.* The State, 10 Smedes and Marshall, 192; 1 Russell on Crimes, 42; The State *v.* Benjamin Duncan, 6 Iredell, 237.

*Attorney-General* for the People.

FIELD, J., after stating the facts, delivered the opinion of the Court—TERRY, C. J., and BURNETT, J., concurring.

By the common law, aiders and abettors who are present and participate in the perpetration of a crime, are regarded as principals in the second degree; and where, in an indictment for murder, two are charged as principals, one as chief perpetrator, and the other as present, aiding and abetting, it is immaterial which of them is alleged to have given the mortal blow, for the injury given by one is, in contemplation of law, inflicted by each. (Foster, 351; East's Pleas of the Crown, 350; State *v.* Fley, 2 Brevard, 339.)

By the eleventh section of the Act concerning Crimes and Punishments, the distinction existing at common law between principals of the first and second degree is abolished; and the distinction between them and accessories *before* the fact is also abolished, so far as such distinction is capable of abolition. Persons standing by and aiding, abetting, or assisting, and persons not present who have advised and encouraged the perpetration of the crime, are designated as accessories, "and shall be deemed and considered," says the statute, "as principals, and punished accordingly." As principals, they may be indicted and tried together, or separately, and either may be convicted or acquitted without reference to the previous conviction or acquittal of the other. At common law, an accessory before the fact could not be tried or convicted without the previous trial and conviction of the principal. The acquittal of the principal discharged the

accessory, who could not be afterwards tried, no matter how conclusive the subsequently discovered proof might be of the principal's guilt. So far did the rule go, that in Massachusetts it was held, an accessory before the fact in a capital case could not be put upon his trial, without his own consent, even where the principal had died before conviction. (Com. *v.* Phillips, 16 Mass., 422.) It thus became necessary to introduce the record of the principal's conviction, as the highest and only legitimate evidence of the fact. The legal guilt of the accessory depended upon the guilt of the principal, and the latter could only be established in a prosecution against himself. The record of conviction was held sufficient *prima facie* evidence of such guilt to warrant the trial of the accessory, although the latter might rebut it by evidence that the principal ought to have been convicted. (Foster, 365; 3 Greenl. Ev., 46.) But at common law no such rule prevailed in reference to aiders and abettors. They might be convicted, though the chief actors or principals in the first degree had been acquitted. The statute of this State has not altered the law in this respect. The defendant was indicted as principal, by reason of his aiding and abetting; and as the acquittal of Whithurst could not have legally benefited him, the conviction of Whithurst ought not to have been allowed any influence upon his defence. If the record had been admissible at all, in the present case, it could only have been as evidence of the fact of conviction, and of the legal consequences attached to that conviction. "As proof of the fact of conviction," says Phillipps, "the record would be admissible and conclusive, but it seems not to be admissible evidence of the guilt of the convict, as against another person charged with being connected with him in crime; the record being in this respect *res inter alios acta*. It is evidence that a certain person named in the record was convicted by the jury, but not evidence as against a third person, supposed to have been engaged with him in a particular transaction, as to the ground on which the conviction proceeded, namely, that the convict committed the criminal act described in the record." (2 Phillipps' Ev., 22; and see note 26, by Cowen and Hill, part 2.) But we are of opinion that the record of Whithurst's conviction was improperly admitted for any purpose, because the fact of his conviction was immaterial to the guilt of the defendant, and could only have tended to prejudice the minds of the jury. (Kazer *v.* State of Ohio, 5 Ham., 280; Keither *v.* The State, 10 S. & M., 192; 1 Russell, 42.)

Judgment reversed, and cause remanded.