## Gore *et al. v.* The State.

### *Indictment for Living in Adultery or Fornication.*

1. *Proof of guilt beyond reasonable doubt; proof that offense is not barred by lapse of time.*—To justify a conviction in a criminal case, the jury must not only be satisfied, beyond a reasonable doubt, that the defendant is guilty, but, also, that the offense charged was not committed before the period which the statute fixes as a bar to its prosecution.

2. *Confessions by one adulterer; when not evidence against the other.*—Confessions made by one of two defendants—charged with adultery, in the absence of the other, are not evidence against the absent defendant.

3. *Appeal in criminal case; when will be dismissed.*—An appeal does not lie in a criminal case until after judgment on the verdict, and if prematurely taken, will be dismissed that the court below may proceed.

4. *Same; case in fieri; when arrest of judgment, and new trial awarded.*—Where a trial is had, and a verdict of guilty rendered, but no judgment pronounced, the case is still *in fieri*, and under the control of the court; and where erroneous rulings, prejudicial to the defendants, appear from bill of exceptions duly filed, the court below should, at the next term, award a new trial.

APPEAL from Circuit Court of Randolph.

Tried before the Hon. JOHN HENDERSON.

The defendants, Charles Gore, and America Hester, were indicted at the fall term, 1876, of said court, for "living together in a state of adultery or fornication."

The only evidence against the defendant, Hester, was the confession of Gore, made under the following circumstances: A witness for the State testified, that in the summer of 1876, he went to said Hester's house, where he had been called by her to see a child of hers, which had been accidentally burned; after looking at the child, he said to defendant, Gore—but out in the yard and not in the hearing of Hester—that "if that child was his, he thought he would send for a doctor," to which Gore replied, "I think I will." Said child was then three years old. The testimony further showed that said Hester gave birth to a child about six months before the trial; but it does not appear that such child was gotten by defendant. Defendants married after the indict-

[Gore et al. v. The State.]

ment was found. The evidence being substantially what is above stated, the defendants requested in writing the following, among other charges : "4th. Although the jury may believe that the female defendant has given birth to a child since the commencement of the suit, that without proof satisfying the jury beyond a reasonable doubt that they illicitly co-habited within twelve months before the finding of the indictment, then that would not justify them in finding the defendant guilty ; " which charge the court refused, and defendants excepted. The jury found the defendants guilty, but the court rendered no judgment thereon, the record simply reciting that "the defendants, having reserved a bill of exceptions and taken an appeal to the Supreme Court, and having given bail for their appearance at the next term of this court, to abide the judgment that may be rendered in this case, judgment is suspended until the next term of this court."

Defendants' counsel moved for a new trial for defendant Hester, but the court overruled the motion.

Defendants now assign as errors—

1. Refusing the charges asked.

2. In refusing to give defendant Hester a new trial.

4. Insufficiency of the judgment.

HUDSON & TEAGUE, and SAM. HENDERSON, for appellants.

JOHN W. A. SANFORD, Attorney-General, contra.

STONE, J.—1-2. The bill of exceptions states that it contains the substance of all the evidence. If this be so, it contains no evidence authorizing a conviction of the female defendant, Hester. The sufficiency of the evidence against Gore was a question for the jury, under proper instructions. Gore's confessions, if he made any, were not evidence against Hester. To justify a verdict of guilty in a criminal prosecution, the jury must be satisfied, from the proof, beyond a reasonable doubt, that the offense charged was committed, and within the time which the statute does not bar. And proof, showing only that one defendant is guilty, even of the offense charged in this indictment, does not justify the conviction of the other. Confessions of one defendant, made apart from the other, are not evidence against that other. The charge refused, numbered 4, should have been given.

3. The present record shows that no judgment has been rendered on the verdict of guilty. No appeal lies from a verdict, until judgment is rendered thereon.—Code of 1876, §§ 4980, 3916. It follows that the appeal in this case must be

[Walker v. The State.]

dismissed, that the case may be proceeded in, in the Circuit Court.

4. The question will arise, what should be done with this case, when it is again called up in the court below? No judgment having been rendered in that court, the proceedings are still *in fieri.* Judgment should be arrested, the verdict set aside, and a new trial granted.

Appeal dismissed.