ROWLAND V. STATE.

1. CRIMINAL EVIDENCE: *Acts and declarations of accomplice.*
    Before the acts and declarations of a felon can be put in evidence against an alleged accomplice, it must be proved to the satisfaction of the trial judge that the two had conspired together to commit the offense charged.

2. SAME. *Same:*
    The acts and declarations of one accomplice, in the absence of another, after the deed is done and the criminal enterprise is ended, are not admissible in evidence against the latter.

APPEAL from *Perry* Circuit Court.
Hon. J. B. WOOD, Circuit Judge.

*G. B. Denison,* for Appellant.

1. Neither upon the theory of a conspiracy—wholly unproved, if one existed—or upon that of appellant being an accessory, nor yet as part of the *res gestæ,* was the testimony of Armstrong, or as to his acts or declarations after the killing, competent evidence against appellant. *Whart. Cr. Ev. 699; 1 G. Ev. 108-11, 14 Ed; 55 N. Y., 565; 47 Pal. 113; 33 N. H. 216; 30 Vt., 100; 123 Mass., 441; 13 Allen, 570; 10 Neb., 393; 58 Ala., 391.*

2. Appellant shows the broadest opportunity for the verdict to have been influenced by the misconduct of the jury and its officers, and the presumption arising has not been successfully

Rowland v. State.

repelled by the state. *7 N. H., 287; 15 Id., 564; 13 Mass., 218; 9 Humph., 646; 11 Ib., 169; Ib., 491; 29 Conn., 100; 8 Gratt., 712; 1 Rob., (Va.,) 756; 1 Va. Cas. 271, (302); 7 Leigh, 751; 18 Gratt., 983.*

*Dan W. Jones,* Attorney General, *contra.*

Appellee submits that there is but one question in this case worthy of consideration, which is: Did the court err in permitting evidence of the acts and declarations of Armstrong, after the commission of the crime, to be given to the jury?

It is conceded that the general rule is, that the acts of an accomplice are not evidence against the accused, unless they constitute a part of the *res gestæ*, and occur during the pendency of the criminal enterprise, and are in furtherance of its objects. *1 Greenl. Ev., Sec. 111; People v Stanley, 47 Cal., 113; S. C. 17 Am. Rep., 401.*

But if it is apparent from all the evidence that the admission of this testimony could not have prejudiced the appellant, the judgment should stand. *People v. Stanley, supra; Sharp v. Johnson, 22 Ark., 85-6; Weaver v. Caldwell's ex'r, 9 Ib. 343.*

The jury might well conclude from all the facts detailed in the evidence, and without regard to the acts and delarations of Armstrong after the crime was committed, that the appellant was guilty of murder. They could not form such a conclusion from the evidence relating to Armstrong's acts and declarations after the commission of the crime, nor is it apparent that such acts and declarations tended, in any manner, to establish the appellant's guilt. If such be the case, the judgment should not be disturbed.

COCKRILL, C. J. The appellant was indicted for murder in the first degree, committed, as was charged, by lying in wait and shooting T. J. Ferguson. The proof adduced against him

1. CRIMINAL EVIDENCE: Acts and declarations of accomplice.

at the trial was circumstantial wholly. The theory of the prosecution was that the fatal shot had been fired by one Armstrong, who was not indicted however, and that the appellant was present as an abettor. Three days after Ferguson was first missed, his body was found upon an unfrequented road with a bullet hole through a vital part. Armstrong was with the searching party that found the body. His remarks and conduct on that occasion were such as to arouse a suspicion against him and he was placed under arrest to await further developments. On the following day the inquest was held, and Armstrong was brought forward as a witness before the coroner's jury. On this occasion his conduct and declarations deepened the suspicion of his guilt. Pending the inquest he broke from his guard, made good his escape and, as the witness stated, has not since been heard of. Upon Rowland's trial all these criminating circumstances against Armstrong were put in evidence by the State, against Rowland's objection; he was convicted of murder in the second degree, and now presses the action of the court in admitting this testimony against him, as error to reverse the judgment.

It does not become necessary to recount further the testimony on which the appellant was convicted. It may be taken as true for the determination of the appeal, that a foundation was laid by proof sufficient in the opinion of the trial judge to establish *prima facie*, that the appellant and Armstrong had conspired together for the purpose of committing the offense charged against the former. It was incumbent upon the State to do this in order to make the acts and declarations of Armstrong done or made pending the criminal enterprise competent evidence against Rowland. *Casey v. State, 37 Ark., 67; 1 Greenl. Ev., Sec. 111; People v. Stanley, 47 Cal., 113; Gove v. State, 58 Ala., 391; Priest v. State, 10 Neb., 393.*

Rowland v. State.

But when the deed is done and the criminal enterprise ended, the criminating conduct or declarations of one accomplice then occurring or made are in no sense evidence against another. To be admissible for that purpose they must form part of the *res gestæ. Authorities, sup.* It is proper to remark in this connection that Rowland was not present when any of the declarations given in evidence were made by Armstrong.

2. SAME.

As to the flight of Armstrong, if he had been upon trial, that fact would have been a circumstance to be weighed by the jury as tending to prove a consciousness of guilt on his part. *Burris v. State, 38 Ark., 221.* But we are unable to perceive how the flight of an accomplice, days after the commission of the offense, can be said to tend in any degree to prove the guilt of the accused. In *People v. Stanley, 47 Cal , sup.*, the admission of evidence of the flight of an accomplice was held to be error, and the case reversed for that reason only. See too *State v. Rand, 33 N. H., 216.*

If we may regard the proof as tending to show that the appellant stands in the light of a principal in the second degree as understood at common law, and Armstrong as the actor or principal in the first degree, it will not alter the case. The guilt of the former at common law did not depend upon the guilt of the principal in the first degree. He was acquitted or convicted irrespective of the guilt or innocence of the actor. The conduct and confession of the first principal were not admissible upon the trial of the second as tending to show his guilt. They were regarded as irrelevant, or as hearsay only. *2 Bish. Cr. Pr., Sec. 14; People v. Bears, 10 Cal., 68.*

Our statute abolishing the distinction between principals in the first and second degree has not changed this rule. *People v. Bears, sup.; Williams v. State, 41 Ark., 173.*

It would be idle to consider whether the testimony could have been admitted against appellant on an indictment as accessory before the fact. He was indicted as principal, as the

actor in the crime, and could not be convicted as accessory. *Williams v. State, sup.*

In no view of the case can we discover any principle upon which the evidence should have been submitted to the consideration of the jury. A presumption is raised by the record that the appellant was prejudiced by this, and his motion for a new trial should have been granted.

Reverse and remand for a new trial.