[Cleveland, et al. v. Wheeler.]

# Cleveland, *et al. v.* Wheeler.

## *Assumpsit.*

(Decided April 24, 1913.  62 South. 309.)

1. *Evidence; Opinion; Value.*—The opinion of witnesses is admissible to show market value as distinguished from market price, to aid, but not to control the judgment or opinion of the jury.

2. *Same; Effect.*—In an action for a breach of contract to purchase timber, the testimony of a witness that its market value was from $2.00 to $2.50 per M. feet, introduced for the purpose of complying with the rule that plaintiff's measure of damages was the difference between the market value of the timber at the time of the breach, and the agreed price, was in the nature of an opinion and subject to the rule that the jury were entitled to deal with the testimony of any or all of the witnesses as to the value of the timber, as it saw fit, giving it credence or not as their own experience or general knowledge of the subject might dictate.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Assumpsit by Felix S. Cleveland and others, against E. M. Wheeler. From a judgment awarding plaintiff insufficient damages, he appeals. Affirmed.

GAILLARD & MAHORNER, and GREGORY, L. & H. T. SMITH, for appellant. For former report of this case see 170 Ala. 426. The court, under the evidence committed grave error in giving the charge complained of. As to what is market value, see 16 Cyc. 1142; 26 819; 99 Mass. 345; 25 N. J. Eq. 144; 162 N. Y. 327; 88 Mich. 15. Where there is no standard (a market value) the damages must be ascertained by other means.—99 Mass. 345; 41 Wis. 65; 22 Minn. 343.

STEVENS, LYONS & DEAN, for appellee. The court was not in error, in giving the charge requested.—*Andrews v. Frierson,* 144 Ala. 476; see generally *Burkes v. Hub-*

*bard,* 69 Ala. 385; 1 Watson's Evi. sec. 448; *The Conqueror,* 166 U. S. 110; *Pollard v. A. F. L. & M. Co.,* 139 Ala. 205.

THOMAS, J.—The contract here sued on was set out in substance, construed, and the measure of damages for its breach determined on the former appeal reported in 170 Ala. 426, 54 South. 277, to which reference is made for a full understanding of the case. Upon the subsequent trial the only issue between the parties was one of fact as to the amount of damages recoverable under the rule of admeasurement as fixed on the former appeal referred to. The evidence was conflicting both as to the number of feet of timber on the land and the market value of it at the time of the breach by the buyer of said contract of purchase. The plaintiffs' evidence tended to show that there were 683,706 feet board measure, and each of his witnesses swore that its market value was from $2 to $2.50 per thousand feet. Upon the conclusion of the evidence the court at the request of plaintiffs gave in writing the following charge: "If the jury believe the evidence in this case, they must return a verdict for the plantiffs for the difference between the price of the timber at which plaintiffs agreed to sell it to the defendant and the value of the same at the time of defendant's breach of the contract, together with interest," etc. The court gave also another charge in writing, but at defendant's request, as follows: "The court charges the jury that they may deal with the testimony of any or all of the witnesses as to the value of the timber as the jury pleases, giving it credence or not as their own experience or general knowledge of the subject may dictate." There was verdict and judgment for plaintiff in the sum of $457.53, not satisfied with the amount of which he appeals; and the only assignment

of error here insisted upon is the alleged error of the court in giving the written charge at defendant's request last quoted.

The charge is predicated upon the ruling of our Supreme Court in the case of *Andrews v. Frierson*, 144 Ala. 476, 39 South. 513, where, quoting approvingly from the Supreme Court of the United States in *Re The Conqueror*, 166 U. S. 110, 17 Sup. Ct. 510, 41 L. Ed. 937, they say: "While there are doubtless authorities holding that a jury * * * has no right arbitrarily to ignore or discredit the testimony of unimpeached witnesses so far as they testify to facts, and that a willfull disregard of such testimony will be ground for a new trial, no such obligation attaches to witnesses who testify merely to their opinion; and *the jury may deal with it as they please, giving it credence or not as their own experience or general knowledge of the subject may dictate.*"

The opinions of witnesses in certain matters are always admissible in evidence for the purpose of aiding, but never of controlling the judgment or opinion of the jury on that matter. Any other rule would amount to substituting the judgment of the witness for that of the jury. And, while in reaching their judgment or conclusion as to the particular matter, they cannot act on particular facts material to the inquiry resting in their private knowledge, but as to these must be governed by the evidence adduced; yet they should, and must in order to act intelligently, test out the opinions of witnesses by their own general knowledge of the subject, and should and do of necessity have the power to reject or accept such opinions according as they correspond or not with their general knowledge as applied to and considered in connection with the facts of the case. A fair illustration of this proposition is found in the case

of *Murdock v. Sumner,* 22 Pick. (Mass.) 158, where, a witness having testified on the trial as to the quality, condition, and cost of certain goods, and given his opinion as to their value, the Supreme Court said: "The jury were not bound by the opinion of the witness; they may have taken the facts testified to by him, as to the original cost, quality, and present condition of the goods, and come to a different opinion as to their value." So in this case, while they would be forced to accept, over the private knowledge of any juror, evidence adduced as to the location and condition of the timber, or other facts necessary to be considered in determining its value, yet in the mental process of weighing and sifting these several elements of value and reaching a conclusion from the whole they must bring to their aid their general knowledge and are at liberty to arrive at an opinion at variance with that of the witnesses—even all of them.—*Head v. Hargrave,* 105 U. S. 45, 26 L. Ed. 1028.

Appellant's counsel strenuously insist in the next place that, although the rule be conceded, it is not applicable to the present case; since, as they contend in effect, the market value of the timber as testified to by the witnesses for plaintiff was in the nature of a matter of fact, and not of mere opinion. Counsel here confuse or lose sight of the difference between "market price" and "market value." "Market price" is a fact, and is the price prevailing for articles of like kind and character at a market for such articles—that is, at a place where trade or traffic in such articles is constantly conducted or carried on and they are habitually bought and sold to such an extent as to furnish a standard or criterion of value for such things. For instance, we have the daily quotations as a fact of the "market price" of cotton in bales and other articles of commerce. The de-

termination, on the other hand, of the "market value" of a particular commodity necessarily in all cases involves the exercise of judgment, even when such commodities have a "market price" in the locality where the one in question is and in the condition that it is in. Take the case of one of the most common articles of commerce in this section of country—a bale of cotton—and its "market value" is determined not alone by ascertaining the fact of the "market price" of cotton in bales, but also by ascertaining the grade and weight of the particular bale and comparing the grade with the standard made the basis for fixing the market price and ascertaining how far below or how far above it is beyond that standard, usually called "middling." If the bale of cottton is not at a market, then in ascertaining its "market value" it is necessary to consider not only all the foregoing mentioned matters, but also the cost of transporting it to the nearest market, as well as the expense, if it is not gathered, of gathering it and putting it in merchantable shape.

We can imagine at present but one case where in ascertaining the market value of a particular thing nothing else need be considered than the "market price" of similar things, and that is in the case of the stocks or bonds of the same kind and issue of the same corporation, which is due to the fact that they on their face are, so far as this purpose is concerned, practically identical; hence the market price of such, as quoted on Exchange, would be the "market value" of one of the same kind as might be under consideration. As to other species of property, when a witness testifies, as those in this case did, to its market value he in the nature of things testifies only to an opinion, which the jury may disregard, as stated in the charge, though they cannot ignore but must consider, in reaching their own con-

clusion as to such value, all testimony as to the market price of similar articles, as well as all other facts in evidence bearing on value, such as the kind, quality, condition, and location of the fallen timber, its nearness or remoteness to market, the cost of putting it in merchantable shape and of transportation, etc. No witness testified to the "market price" of similar things, but all as to the "market value" of the particular thing, the fallen timber, here in question. That in doing so they were testifying to an opinion or estimate and such only, and not a very accurate one at that, is further evidenced from the fact that each put the market value at from $2 to $2.50 per thousand feet.

There was no error in giving the charge here assailed, and the judgment is affirmed.

Affirmed.