(84 South. 394)

JACKSON v. STATE. (3 Div. 336.)

(Court of Appeals of Alabama. June 30, 1919. Rehearing Denied Oct. 21, 1919.)

1. CRIMINAL LAW ⬥460—NONEXPERT PROPERLY PERMITTED TO TESTIFY AS TO VALUE OF TOBACCO.

In a prosecution for receiving stolen tobacco, court did not err in permitting a witness, who was not an expert, to testify as to value of the property stolen, in view of Code 1907, § 3960.

2. BURGLARY ⬥28(6) — RECEIVING STOLEN GOODS ⬥7(6)—PROPERTY IN POSSESSION OF RAILROAD UNDER FEDERAL CONTROL IS IN POSSESSION OF RAILROAD.

A railroad operating under federal control as an agency of the government was, as such, the bailee of property in its cars alleged to have been stolen, so that in a prosecution for receiving stolen property and for breaking and entering a railroad car there was no variance, though the property was alleged to be that of the railroad.

Appeal from Circuit Court, Montgomery County; Gaston Gunter, Judge.

Will Jackson was convicted for receiving stolen property, and he appeals. Affirmed.

Defendant was indicted for receiving or concealing the property knowing it to be stolen, and also for breaking into and entering a railroad car upon or connected with a railroad in this state. The jury returned a general verdict of guilty. The property was alleged to be the property of the Louisville & Nashville Railroad Company. The evidence tended to show that certain flour and tobacco were placed in a car on the Louisville & Nashville Railroad, and brought into Montgomery at night; that the tobacco was addressed to J. O. Benton, Speigner, Ala., and the flour addressed to a mercantile concern at Opp, Ala., and that on the next morning the car was found broken open, and some of the tobacco and flour missing; that on the night of the arrival of the car in Montgomery, and some several hours after its arrival, the defendant was arrested while driving an automobile in the north yard of the Louisville & Nashville Railroad and in his automobile was some of the tobacco and flour, marked similarly to the flour and tobacco in the car.

It was admitted that the Louisville & Nashville Railroad was under the United States federal government control at the time and prior to the alleged commission of the offense.

The following charges were requested by and refused to the defendant:

"(1) The court charges the jury that each and every count of the indictment alleges that the property which it is alleged to have in count 1 stolen and in the other counts to have concealed or assisted in concealing, knowing it was stolen, is the property of the Louisville & Nashville Railroad Company, a corporation, and the proof shows that before the finding of this indictment, and before the offense is alleged to have been committed, the custody, control, and possession of all the property of the Louisville & Nashville Railroad Company, a corporation, had passed into the possession of the United States government, and the evidence shows that the Louisville & Nashville Railroad Company neither has a legal title nor possession of or control of the said property, either at the time of the alleged commission of this offense, or at the time of the finding of this indictment; therefore the court charges the jury that there is a fatal variance between the allegations of the indictment and the proof.

"(2) The court charges the jury that it is entitled to a discharge at your hands by reason of the fatal variance between the allegations and the proof of the indictment. The indictment in each and every count thereof alleges that the property described therein, alleged alternatively to have been feloniously received, knowing that it was stolen, but that it aided in concealing, or receiving, knowing that it was stolen, was the property of the Louisville & Nashville Railroad Company, a corporation. Whereas the evidence shows that at the time of the alleged commission of the offense, and at the time of the finding of the indictment, neither the legal title nor the custody or the possession of the said property was in said railroad company, but that to the contrary the legal title was in one J. O. Benton, and the custody and control and possession of said property was in the United States government, and the court charges the jury that this is a fatal variance between the allegations of the indictment and the proof, which entitled defendant to a discharge at your hands.

"(3) The court charges the jury that there is a fatal variance between the allegations of the indictment, and the proof in the case in this indictment and each and every count thereof from count 1 to count 4, both inclusive, allege that the property described therein is the property of the Louisville & Nashville Railroad Company, whereas the evidence shows that the legal title to said property was in one J. O. Benton and the custody, control, and possession in the United States government.

"(4) The court charges the jury that if they believe the evidence they should acquit the defendant."

J. Paul Jones, of Birmingham, and L. A. Sanderson, of Montgomery, for appellant.

Ownership must be alleged as proven. 104 Ala. 443, 16 South. 136; 147 Ala. 144, 39 South. 912, 10 Ann. Cas. 910; 44 Ala. 661; 50 Ala. 495. Confessions are inadmissible until the corpus delicti is proven. 161 Ala. 88, 49 South. 803; 183 Ala. 43, 62 South. 837. It is admitted that the Louisville & Nashville Railroad Company was under federal control. The court erred in admitting the testimony of Johnston as to the value of the

stolen articles. 187 Ala. 387, 65 South. 826; 1 Ala. App. 599, 56 South. 22.

J. Q. Smith, Atty. Gen., and Richard Evans, Asst. Atty. Gen., for the State.

This case should be affirmed, on the authority of Vaughn v. State, ante, p. 35, 81 South. 417.

BRICKEN, J. This defendant, who was jointly indicted with another, demanded a severance, which was granted. He was tried and convicted of the offense of burglary and grand larceny from a railroad car, and from the judgment of conviction he appeals.

[1] There is no merit in the contention that the court erred in allowing the witness Johnson to testify as to the value of the tobacco alleged to have been stolen from the railroad car in question. The tobacco had been sufficiently identified as being the same tobacco found in the possession of the defendant at the time he was arrested, and it was not necessary or essential that it should have been shown that this witness was an expert. "Direct testimony as to the market value is in the nature of opinion evidence. One need not be an expert or dealer in the article, but may testify as to value, if he has had opportunity for forming a correct opinion." Code 1907, § 3960.

[2] Charges numbered 1, 2, and 3, requested in writing, were each properly refused. The propositions of law involved in these charges have been decided adversely to the contention of the defendant in the case of Vaughn v. State, ante, p. 35, 81 South. 417.

Charge 4 was the general affirmative charge for the defendant, and its refusal, under the evidence in this case, was clearly free from error.

The motion for a new trial was properly overruled. Vaughn v. State, supra.

There is no error in the record, and the judgment of conviction is affirmed.

Affirmed.