(112 So. 179)

## METROPOLITAN LIFE INS. CO. v. SHAW.
### (6 Div. 83.)

(Court of Appeals of Alabama. March 29, 1927.)

Cabaniss, Johnston, Cocke & Cabaniss and Gerry Cabaniss, all of Birmingham, for appellant.

Mullins & Jenkins, of Birmingham, for appellee.

SAMFORD, J. The law of this case, as applicable to the two propositions argued in appellant's brief, is largely dependent upon section 8364 of the Code of 1923, and the correctness of the trial court's rulings is to be determined by the facts as presented in the record.

Under the section above cited, representations and warranties are placed in the same class. In either case, there must be an actual intent to deceive, or the matter misrepresented must increase the risk of loss. The law is clearly stated in Mutual L. Ins. Co. v. Allen, 174 Ala. 511–518, 56 So. 568.

There is abundant evidence from which the jury might conclude that, if made and in such manner as to bind the defendant, the misrepresentations were not made with intent to deceive. So that, as to the first question, the court properly refused affirmative instructions. It may be admitted that, under the evidence here, if the insured represented in his application for insurance that he had never had a disease known and called "pleurisy," or other pulmonary disease, when, in fact, he had had an attack of pleurisy in 1922, and tuberculosis at the time he signed his application for insurance to this defendant, either of the diseases would increase the risk of loss and on proper proof of such would avoid the policy. Brotherhood of R. & S. Clerks, etc., v. Riggins, 214 Ala. 79, 107 So. 44.

It is not here held that pleurisy is one of the diseases which ipso facto increases the risk of loss, but, under the facts as they here are presented in the bill of exceptions, it so appears in the testimony without dispute.

The principal questions, then, are, Did the insured represent to defendant as a basis for the policy contract that he had never had pleurisy or tuberculosis, in such manner as to bind him in the premises? And, if so, was there evidence from which the jury could infer that the insured did not have pleurisy in 1922, or tuberculosis on March 28, 1925?

With due regard for the testimony of the expert witnesses testifying in the case and the credit to be given their opinions, our courts hold to the rule that the jury may deal with such testimony as it sees fit, not to capriciously reject it, but to weigh it in the light of common sense, common reason, and the common experience of men, in connection with all the facts and circumstances in the case. Cleveland v. Wheeler, 8 Ala. App. 645, 62 So. 309; Andrews v. Frierson, 144 Ala. 476, 39 So. 512. The testimony of the doctors testifying in this case is a fair illustration of the correctness of the above rule and the uncertainty of expert testimony when dealing with human diseases of the body.

The testimony of Dr. Miller to the effect that the insured was treated by him for pleurisy in 1922 is a mere opinion by him that insured had the disease at the time he was treated, but if the testimony of Julia Shaw be true, that:

"Insured did not have pleurisy in 1922, that she knew of, and that she would have known it if he had, and that she lived in the same house with him during that year,"

—and, as testified to on behalf of plaintiff, that insured was not sick during 1922, and did not become ill until June before he died on July 21, 1925, but was constantly at his work and about his usual occupation, then Dr. Miller must have been mistaken. This was a question for the jury.

As to whether insured was afflicted with tuberculosis on March 28, 1925, was also a jury question. On this question the doctor who made the examination for the defendant company certified to the good health of insured in March, 1925, just prior to the issuance of the policy on March 30, 1925. On March 28th Dr. Branham, another defend-

ant's witness, examined insured, and at that time he (the doctor) was not sure that insured had tuberculosis, that a laboratory examination of the sputum did not confirm a diagnosis of tuberculosis, and that the other symptoms found "might have been the result of diseases other than tuberculosis." The opinion of the doctor that insured had tuberculosis was based upon the condition of insured on March 28th, coupled with the fact that he died of tuberculosis July 21st. This witness certified that the duration of the last sickness was two months. He testified that negroes yielded to tuberculosis more readily than white people. The mother of insured testified that insured was only ill four or five weeks before he died; that he was not sick until the middle of June. From the facts adduced the jury could infer that insured did not have tuberculosis on March 28, 1925. The facts on both questions presented by this record were sufficient to make this a jury case and to warrant the court in refusing to defendant the general charge as requested.

Giving to the findings of the trial judge that credence to which it is entitled under the law and the decisions of the Supreme Court, we must hold that the trial judge did not commit error in overruling defendant's motion for a new trial.

We find no error in the record, and the judgment is affirmed.

Affirmed.