149 So. 359

**MORRIS v. STATE.**

8 Div. 681.

Court of Appeals of Alabama.

June 30, 1933.

W. H. Long and T. C. Almon, both of Decatur, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

This is the second appeal in this case. Morris v. State, ante, p. 156, 142 So. 592.

The facts in this record are materially and substantially different from the facts as they appeared in the record on former appeal. In the former appeal the state introduced as a witness in its behalf Henry Ward Holland, who by his testimony admitted the arson so far as he was concerned and implicated this defendant as particeps criminis. The whole case on former trial revolved around the testimony of Holland and the effort on the part of the state to furnish sufficient corroboration to meet the requirements of Code 1923, § 5635.

In the second trial from which judgment this appeal is taken, the witness Henry. Ward Holland did not testify and thereby the state is left to independent evidence to prove its case.

To do this the state first introduced testimony tending to prove the actual and intentional burning of the building and contents in Town Creek, by Henry Ward Holland. It then offered evidence attempting to connect this defendant with the crime as an accomplice.

It appears from the evidence that this defendant was the owner of a number of victrolas, variously stated to be from thirty to forty. Some of them were new and some had been used. These instruments were stored in defendant's garage, his home, and his drug store in Decatur. He had also a piano and three boxes of victrola records. These instruments were variously estimated by witnesses for the state to be worth from $250 to $300, and the first question presented by this record is the rulings of the court permitting these various state's witnesses to testify as to the value of the above property. Each witness, before testifying to value, had testified that they had viewed the instruments in the storehouse in Town Creek and knew what they were and how many. Under our statute a witness need not be an expert or dealer in an article, but may testify as to value, if he has had an opportunity of forming a correct opinion. This is necessarily opinion evidence and is not conclusive on courts or juries even when without conflict, and if the valuations appear to be unreasonable, the estimate as to value may be discarded entirely. Code 1923, § 7656; Obear-Nester Glass Co. v. Mobile Drug Co., 208 Ala. 618, 95 So. 13; Jackson v. State, 17 Ala. App. 197, 84 So. 394. In the foregoing cases the distinction is made between market value, which is a fact to be proven and the opinion as to value, given by persons having an opportunity to have observed the property about which they testify as to value. Cleveland v. Wheeler, 8 Ala. App. 645, 62 So. 309.

A witness is allowed to give his opinion of value, if he has had an opportunity of forming a correct opinion. This is a preliminary question to be passed upon by the court and is a matter largely within his discretion. 22 C. J. 526 (610)b. This discretion will not be reviewed except in cases where it is clearly made to appear that the ruling was unjust and worked an injury to defendant's cause. 22 C. J. 526 (610)b, and Alabama authorities cited under note 11.

496

In the instant case the opportunity for observation by witnesses who testified as to their opinion of the aggregate value of the stock of victrolas in the storehouse that was burned was most casual and superficial, and this court expresses the opinion that the trial judge was extremely liberal in his rulings as to the qualifications of such witnesses; but even so the error is not so apparent as to require a reversal on this point.

W. F. Holland, the father of Henry Ward Holland, had a conversation with this defendant in his store in Decatur, two or three days after the burning of the store in Town Creek and after Henry Ward had been arrested, in which conversation W. F. Holland said to defendant: "Doctor, it seems that you have got Ward into this and I want to know if you are going to help get him out." To which defendant replied: "Yes, sir; if he will change his statement I will spend $10,000.00 to get him out; if he don't, I won't spend a damned cent." Following this witness the state introduced H. E. Harbin, who testified that in Mr. R. L. Almon's office on Monday after the fire he was present and heard Henry Ward Holland make a statement about who was connected with the burning or who aided and assisted or advised in the burning of the building. So far the objections of the defendant to the various questions bringing out these facts were properly overruled.

Then over proper objection and exception the witnesses were permitted to testify that in said statement Henry Ward Holland said "defendant hired him to burn the house." This statement having been made in the absence of defendant, its admission was error. The court saw the error and sought to avoid the effect of it by instructing the jury that the statement was admitted for the limited purpose of showing a statement made by Henry Ward Holland and its effect upon the testimony of W. F. Holland, and that it could not be taken as evidence against defendant. The error was not cured. The ruling violates the most elementary rules of evidence and permits an accusation against a defendant by a third person under circumstances and conditions where he has no way of denial or defense. Moore v. Maxwell & Delhomme, 155 Ala. 299, 46 So. 755; Everage v. State, 113 Ala. 102, 21 So. 404; Gore v. State, 58 Ala. 391; Bachelor v. State, 216 Ala. 356, 113 So. 67. Moreover, the statement made by Henry Ward Holland in the office of Mr. R. L. Almon was, until identified and connected with defendant, res inter alios acta, and this defendant could not in any way be bound by it. 22 C. J. 743 (834). On this point there is no sufficient evidence identifying the statement in Almon's office with the statement as referred to in the testimony of W. F. Holland.

Objection to the statement of defendant as testified to by W. F. Holland was made by counsel for defendant and sustained with this remark by the court: "I don't think any predicate has to be laid, but the Court of Appeals does. I am going to follow them." A confession by a defendant to be admissible in evidence must appear to be freely and voluntarily made, and not induced by improper influences. Newell v. State, 115 Ala. 54, 22 So. 572; Brown v. State, 120 Ala. 342, 25 So. 182; Plant v. State, 140 Ala. 52, 37 So. 159; Barddell v. State, 144 Ala. 54, 39 So. 975; McAlpine v. State, 117 Ala. 93, 23 So. 130. What the Court of Appeals said and held, upon this identical point, is: "But the facts and circumstances surrounding the parties at the time show that no improper influences induced the statement." Where this appears from the evidence, the statements of a defendant though against interest are prima facie voluntary and admissible. Morris v. State, ante, p. 156, 142 So. 592–596; Williams v. State, 4 Ala. App. 92, 58 So. 925; Id., 179 Ala. 34, 60 So. 903.

The testimony of the witness Robert Brackin that two or three days before the fire he saw a Packard car belonging to defendant parked in front of the store in Town Creek that burned, was immaterial and irrelevant. There is no presumption that the defendant was connected with the burning of the storehouse growing out of the fact that an automobile owned by him was parked in front of the store two or three days prior to the burning.

The telephone operator at Town Creek was Mrs. Edna Taylor. The defendant objected to the testimony of this witness on the grounds that the witness failed to identify this defendant as the party at the other end of the line, to whom Henry Ward Holland was talking and to which conversation this witness testified. The rule requiring the identity of the speaker in a telephone conversation to be established is subject to a well-recognized exception to the effect that, where the witness called the office of a party on the telephone, testimony as to a conversation had with a person answering the telephone and purporting to be the person called is competent although the witness did not recognize the voice of the person who spoke and is unable to identify the speaker, and a witness may testify that when the office number of defendant was called, the party who answered the phone answered that he was Dr. Morris. These principles are amplified and confirmed in the leading case of Wolfe v. Mo., etc., Co., 97 Mo. 473, 11 S. W. 49, 3 L. R. A. 539, 10 Am. St. Rep. 331. In the instant case there was other evidence tending to prove that this defendant had talked with Henry Ward Holland at the time testified to by Mrs. Taylor.

The substance of the conversation as testified to by Mrs. Taylor presents a differ-

ent question. She testified that on December 17th and 19th, before the fire, she overheard conversations over the phone between defendant and Henry Ward Holland, in which Holland said: "I'm going to pull that deal in Courtland tonight." To which defendant replied: "Be sure that you do and don't let me see you until you do." The proper objections were interposed to this testimony, to which the prosecutor stated to the court: "We expect to go further and prove that that was the signal; that it was agreed that Holland should say pull the deal in Courtland." To which the court said: "Keep that in mind and unless you do, I will rule it out." Without this added proof the evidence was illegal and the trial court so recognized. So far as we can find no such connecting proof was forthcoming and the Attorney General in his brief has cited us to none.

We feel that it is but fair to state that the evidence for the defendant tends to rebut any element of guilt on his part. It further tends to show the value of the property turned over to Henry Ward Holland to be largely in excess of the amount for which the property was insured. The weight of this testimony was for the jury.

In his closing argument to the jury the solicitor said: "You saw the other court reporter sit there with his book in his hand to read the evidence of Ward Holland. They say they wish Ward Holland was here to testify. Let's see which side of the table was trying to get him here. Who sent the chief deputy down to see those five times." It may be, as is intimated in the excerpt, that this statement was made in reply to some statement made by defendant's counsel. If so, it is not made to appear by the bill of exceptions. As the exception stands in the record, the solicitor was allowed over the objection of defendant to make statements of facts not in evidence and to comment on the failure of defendant to call a witness equally available to each. Upon either ground the objection should have been sustained. It is pointed out by the Attorney General that there was no motion to exclude the remark and therefore this ruling on an objection and exception may not be here considered. This point is sustained in Elliott v. State, 19 Ala. App. 263, 97 So. 115. But in American Ry. Express Co. v. Reid, 216 Ala. 479, 113 So. 507, the rule is stated differently in a well considered opinion by Bouldin, J., on rehearing. Moreover, the motion for a new trial does contain the exception and points out the error, and in that connection it becomes our duty to review the ruling.

The rulings of the court on charges requested in writing were free from error.

For and on account of the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.