The record in this case having been corrected, the opinion of this Court of August 24, 1976 is withdrawn and the following opinion rendered in this cause.
Appellants, Gary Wayne Thomas, Henry Sisson Cooper, and Richard Wayne Dollarhide were indicted for grand larceny, and buying, receiving, and concealing stolen property, tried jointly by jury, and found guilty as charged. Thomas was sentenced to five (5) years in the penitentiary, and Cooper and Dollarhide were each sentenced to four (4) years. They appealed to this Court on one record.
This cause was submitted to this Court on briefs. Appellants claim the trial court committed reversible error by overruling their motion for a change of venue. It is averred in the motion that due to the popularity of the owner of the property described in the indictments, and to prejudicial pretrial publicity the appellants could not get a fair and impartial trial in Wilcox County. In the record before us there is no evidence in support of appellants' motion. The burden was on the appellants to prove to the reasonable satisfaction of the court that a fair and impartial trial could not be had in Wilcox County. There being in this record no evidence to sustain the motion for a change of venue, the trial court could not be in error in denying it. Title 15, Sec. 267, Code ofAlabama, 1940, Recompiled 1958; Underwood v. State, 248 Ala. 308, 27 So.2d 492; Gilliland v. The State of Alabama, 291 Ala. 89, 277 So.2d 901; Jordan v. State, 56 Ala. App. 55,318 So.2d 793, writ denied, 294 Ala. 761, 318 So.2d 801.
Appellants further contend that the trial court by refusing to give at their request the general affirmative charge on the grounds that the State had not made out a case under the indictments against them, committed reversible error. We have carefully reviewed all the evidence contained in the record before us and hold that it is sufficient to sustain the verdict of the jury finding the appellants guilty as charged.
Appellants assign reversible error to the trial court's overruling of their objections to State's questions propounded to witness, Mrs. Henderson, on the grounds that she was not an expert. The questions objected to and overruled asked for her opinion on the value of the property taken from her husband's house and described in the indictments.
It appears from the record before us that the articles taken were pots, washer, picture frames, chairs, rocker, telephone, churn, table, dresser, lamp and books; that Mrs. Henderson had, in fact, purchased some of the articles, was and had been for many years familiar with all of them. She identified them on the truck down the road where two of the appellants had been stopped by officers.
Direct testimony as to market value is in the nature of opinion evidence. One need not be an expert or a dealer in an article, but may testify as to value, if he has had an opportunity for forming a correct opinion. We hold that under the facts in this record the trial court did not abuse its discretion in allowing the witness, Mrs. Henderson, to give her opinion as to the value of the articles. Title 7, Sec. 367,Code of Alabama, 1940, Recompiled 1958; Jackson v. State,17 Ala. App. 197, 84 So. 394; Vandegrift v. State, 151 Ala. 105,43 So. 852.
Appellants claim on their motion for a new trial that the silence of a member of the venire on voir dire concealed the fact that she and her husband were close, personal friends to the owners of the property described in the indictments thereby denying the Appellants their right to advisedly exercise their peremptory strikes. *Page 1047 
In the record before us we find the following questions propounded to the venire on voir dire:
"The Court.
Q. Are any of you jurors close, personal friends of the persons alleged to have been injured in this case, Mr. and Mrs. F. Bain Henderson?
A. (No response).
Q. Are you close, social friends, or on the same church, same social club, or anything?
A. (No response)."
Q. (By Mr. Prince, Attorney for Appellants) Anybody friendly or associated or related to anybody in the Police Department here in Camden? What is your last name?
A. My name is Simpkins.
Q. Are you related to them?
Mrs. Simpkins: I am City Clerk.
Mr. Prince: All right. Is there anybody else?
Q. (By Mr. Prince, continuing:) I'm going to call out a list of prosecution witnesses. I want to know if you're related to them or whether you're close friends with them." There follows the names of nine persons. The names of Mr. and Mrs. Henderson are not included. There was no response to the question.
Appellants offered evidence at the hearing of the motion for a new trial that Mrs. Simpkins was a close, personal friend to the Hendersons. The trial court heard the evidence ore tenus and found that Mrs. Simpkins was not a close, personal friend of the Hendersons, which finding is fully supported by the evidence before the lower court.
Next the appellants contend that there was a duty on Mrs. Simpkins to disclose that her husband was a close, personal friend of the Hendersons. The trial court held that in view of the fact that Mrs. Simpkins was never asked a question about her husband that she was under no duty to disclose his relationship with the Hendersons.
All parties are entitled to truthful answers from prospective jurors on examination of the venire and concealment of facts by silence by such a prospective juror denies the parties their right to advisedly exercise peremptory strikes, but it is permissible for a juror to remain silent until a question applies to him in a manner demanding a response. Flurry v.State, 52 Ala. App. 64, 289 So.2d 632, writ denied, 292 Ala. 720, 289 So.2d 644; Poellnitz v. State, 48 Ala. App. 196,263 So.2d 181.
We have examined the entire record before us carefully and hold that in view of the fact that Mrs. Simpkins was never asked a question about her husband, or his relationship with the Hendersons, she was under no duty to disclose it.
We have examined carefully the entire record before us and find from such examination that there are no errors in the record prejudicial to the appellants.
The foregoing opinion was prepared by the Honorable Joseph J. Mullins, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of Section 6.10 of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
Affirmed.
All the Judges concur.