Appellant was convicted by a Jefferson County Circuit Court jury of receiving, etc., stolen property in the second degree in violation of § 13A-8-18, Code of Alabama 1975. Appellant was sentenced to two and one-half years' imprisonment. *Page 621 
The State's first witness was Delbert Allen. Mr. Allen came home around 10:30 p.m. on the night of March 2, 1981, and discovered that his house had been burglarized. Among the items missing were two class rings. Mr. Allen testified that one of the rings was a gold high school class ring from Austin High School, with an orange stone. The ring had "1971" on it and in the band of the ring were inscribed the initials "D.J.A." The second ring was a college class ring from Samford University. It was a yellow gold ring with an aquamarine stone. In the band was inscribed "Dell J. Allen" and the date "1975."
Mr. Allen further testified that he had purchased the Austin ring in 1971 for around $55 and the Samford ring in 1975 for $110 to $115. He also testified that both rings were in substantially the same condition when stolen as when they were purchased. When asked to give a fair market value of the rings, Mr. Allen estimated that they were worth "at least $200."
After Mr. Allen reported the burglary to the police, he called numerous gold and silver dealers around Birmingham asking them to be on the lookout for the rings.
On March 6, 1981, an employee of the Gold and Silver Shack called Mr. Allen and said that she had his rings. He went to the dealer and was able to identify his rings by the initials on them. He called Sergeant J.A. Robinson of the Birmingham Police Department who took custody of the rings.
Dell Rogers, an employee of the Gold and Silver Shack, testified that on March 2, 1981, the night Mr. Allen's rings were stolen, he bought two rings from appellant. Appellant had given his name and presented his driver's license for identification. Mr. Rogers described them as two class rings, one from Austin High School and the other from Samford University. Mr. Rogers identified Mr. Allen's rings as the rings appellant had sold to him.
Mr. Rogers also identified a copy of a form he was required to fill out whenever he bought gold or silver. Appellant's name was on the form Mr. Rogers filled out when he purchased Mr. Allen's rings.
Mr. Rogers estimated the value of the rings to be from $100 to $150.
On cross-examination, Mr. Rogers, after initially stating that the value was not less than $100 when he bought the rings, testified it was possible the rings were worth from $75 to $150.
Sergeant J.C. Robinson, a detective for the Birmingham Police Department, testified that he recovered Mr. Allen's rings from the Gold and Silver Shop.
After the State rested, appellant called Anthony Smith to the stand. Mr. Smith testified that he was a neighbor and friend of appellant's and that a little after noon on March 2 he went to appellant's house. He testified that he bought two rings for $50 on March 1, 1981, from a "Charles." He did not know "Charles'" last name. He asked appellant to sell the rings for him because he had no identification. That afternoon he and appellant went to the Gold and Silver Shop, and, after appellant sold the rings, they split the proceeds.
Appellant testified in his own behalf. Appellant stated that he asked Mr. Smith if the rings were stolen and Smith replied that they were not. He also testified that he sold the rings at evening, not during the daylight. He also denied splitting the money with Smith.
Appellant contends that the trial court improperly allowed Mr. Allen, a lay witness, to testify to the value of the rings without a proper foundation being established. He specifically argues that the prosecution did not show that Mr. Allen had an opportunity for forming a correct opinion and did not establish that the witness had indeed formed an opinion.
In Tice v. State, Ala.Cr.App., 386 So.2d 1180, cert. denied, Ala., 386 So.2d 1187 (1980), this court stated:
 "The only predicate necessary for receipt of such testimony is that the witness has had an opportunity to form a correct opinion of the market value which is a question to be determined by the trial court. State v. Self, 293 Ala. 541, *Page 622 307 So.2d 11 (1975). The trial court's determination will not be reversed on appeal unless its ruling is shown to be clearly unjust. Thomas v. State, Ala.Cr.App., 338 So.2d 1045 (1976); Morris v. State, 25 Ala. App. 494, 149 So. 359 (1933). Our review of the record leads us to the conclusion that Smith had sufficient familiarity with the coins so as to state an opinion as to their fair market value. We therefore find no abuse of discretion in the trial court's ruling."
Mr. Allen testified that he bought the rings and he testified as to what he paid for them. He also testified that the rings were in substantially the same condition when stolen as when he bought them. He was also obviously familiar with the rings, having owned and worn them. We believe that, based on his knowledge of the rings, appellant had an opportunity to form a correct opinion of the market value, and the trial court, in overruling appellant's objection, did not err in deciding so.Thomas v. State, Ala.Cr.App., 338 So.2d 1045 (1976). The prosecution having shown that the witness had an opportunity to form a correct opinion of the rings' value, the proper predicate was established. Tice, supra.
Appellant also contends that the trial court improperly allowed the prosecution to make allegedly prejudicial statements during its closing remarks to the jury.
From the record:
 "MR. WHISONANT: The defense called a sparkling witness to the stand who was one of the most blatant liars I have ever seen —
"MR. LEO: Objection, Your Honor.
"THE COURT: What?
 "MR. LEO: The remarks of counsel are highly prejudicial.
"THE COURT: In what way?
 "MR. LEO: He has branded the witness a liar, he is using terminology that will do nothing but to arouse the jury.
"THE COURT: Overruled.
 "MR. WHISONANT: Why do people burglarize houses? To get cash for items —
 "MR. LEO: Your Honor, I am going to object to this, this has nothing to do with the trial here.
"THE COURT: Overruled. This is argument. Overruled.
 "MR. WHISONANT: Well, ladies and gentlemen, the defense counsel would have to say, well, this man said that he was told it was stolen. Well, ladies and gentlemen, what is he saying to you? Is he saying that a burglar can go into your house and steal your jewelry and give it to his accomplice —
"MR. LEO: I will object, Your Honor —
 "MR. WHISONANT: — and nobody can do anything about it.
"THE COURT: Overruled.
 "MR. LEO: He is talking about accomplices, Your Honor, he is talking about burglaries that has nothing to do with this charge.
"THE COURT: Overruled.
"MR. LEO: I except.
Appellant first contends that the trial court should have sustained his objection to the prosecutor's remarks labeling appellant's witness "a blatant liar."
Counsel for both the State and appellant are allowed wide latitude in drawing reasonable inferences from the evidence in their closing arguments. A prosecutor as well as defense counsel has a right to present his impressions from the evidence, if reasonable, and may argue every legitimate inference. Manigan v. State, Ala.Cr.App., 402 So.2d 1063, cert. denied, Ala., 402 So.2d 1072 (1981).
There was certainly evidence in the testimony of Anthony Smith (appellant's witness) from which a legitimate inference could be drawn that he was not being truthful. He gave a very weak and evasive story as to how he got the rings, saying that a "dude named Charles" sold them to him. He did not know "Charles'" last name and did not know where he lived. He did not notice the inscriptions on the rings.
More importantly, the credibility of Mr. Smith's account of when he obtained the rings and when he sold them was severely *Page 623 
tested on the stand. He claimed that he bought the rings from "Charles" on the day before the rings were stolen. It was established in the record that the rings appellant sold for Smith were the rings stolen on the night of March 2, 1981. Smith testified he bought them on March 1. He also testified that he and appellant sold the rings a little after noon on March 2, while the victim of the burglary testified that the rings were stolen on the night of March 2, and both appellant and the employee who bought the rings from appellant testified that the transaction occurred on the night of March 2. The form the employee filled out also sets the time at night.
Furthermore, the credibility of a witness is a legitimate subject of criticism and discussion. Flint v. State, Ala.Cr.App., 370 So.2d 332; Smith v. State, Ala.Cr.App.,344 So.2d 1239, cert. denied, 344 So.2d 1243 (Ala. 1977). This court has previously upheld a prosecution's closing remarks to the effect that a defendant's witness was either lying to the jury or lying to a police officer when the witness gave a different account on the stand from what he told a policeman.Smith, supra. The court in Smith stated:
 "The witness admitted talking with Sergeant White; he admitted making some statements and denied making others. Under these circumstances, the Deputy District Attorney's argument went to the credibility of the witness and as such was within the proper scope and limit of argument. The credibility of witnesses as shown by the reasonableness of their story and many other considerations, are legitimate subjects of criticism and discussion. Peek v. State, 19 Ala. App. 370, 97 So. 374 (1923); Jackson v. State, 239 Ala. 38, 193 So. 417 (1940); Wall v. State, 2 Ala. App. 157, 56 So. 57 (1911); Cook v. State, 152 Ala. 66, 44 So. 549 (1907); Thomas v. State, 206 Ala. 416, 90 So. 295 (1921)." (Emphasis added.)
The trial court did not commit reversible error in allowing the prosecution to attack the credibility of the witness.
Appellant also contends that the trial court committed reversible error in allowing the prosecution to imply that appellant may have been involved in the original burglary when there was no evidence that appellant was involved in the burglary.
This court has addressed this exact issue in Eddy v. State, Ala.Cr.App., 353 So.2d 67 (1977). In Eddy, a pickup truck was stolen at 3:00 p.m. from a parking lot, and at 7:00 the same day the defendant sold it at an auction. Appellant was charged with buying and receiving stolen property, not with the theft of the property. In closing remarks, the prosecution accused the defendant of originally stealing the truck from the parking lot. In addressing the defendant's claim of error, the court stated:
 "If the first and fourth parts of the argument referred to the initial theft from the Woolco parking lot, it would also be admissible due to the facts and issues of this case. As noted above, permissible argument depends on the issues of the case. Here, knowledge by the appellant that the goods were stolen was in issue. Of course, a thief would know goods he stole were stolen. Here, there were facts from which it could be inferred that appellant was in possession of a recently stolen vehicle. From this possession, the inference he stole the truck could be drawn. Kilpatrick v. State, 43 Ala. App. 667, 199 So.2d 682. The arguments in parts one and four, if considered to mean appellant initially stole the truck from the Woolco parking lot, were proper. Sears v. State, 106 Tex.Crim. 219, 291 S.W. 547."
In light of Eddy, we find no reversible error.
We have searched the record for errors affecting the substantial rights of the appellant and have found none. The judgment of the lower court is affirmed.
AFFIRMED.
All the Judges concur. *Page 624