———o———

STATE *vs.* GEORGE COLOMBO.

*Rape—Evidence of Venereal Disease of Female—Statutes—Carnal Knowledge—Force—Burden of Proof—Penetravit—Outcries—Alibi—Presumption of Innocence.*

1. In a prosecution for rape, the evidence of the prosecuting witness, a child of eleven years, that the accused was the only person who had ever had sexual intercourse with her, is admissible.

2. In a prosecution for rape of a female child of eleven years of age, the evidence of a physician of the discovery of a venereal disease of the private parts of the prosecuting witness, upon an examination of the child, made two months after the alleged offense and his opinion that it was the result of sexual intercourse, is admissible, it first being shown by the prosecuting witness that the accused was the only person who had ever had sexual intercourse with her.

3. *Chapter* 686, *Volume* 18, *Laws of Delaware*, 951, an act for the better protection of female children, did not repeal the statute respecting rape, being *Chapter* 127, *Section* 10, *Revised Code* (1893) *page* 924.

4. If it be shown that the crime of rape alleged in the indictment was committed by the accused at any time within three years before the finding of the indictment, it will be sufficient.

5. Rape is defined to be the carnal knowledge of a woman by force d against her will.

Syllabus.

6. Force, either actual or presumptive, is, in legal contemplation, an essential and indispensable element of rape, whether it be committed on a female over or under the age of consent.

7. The burden is upon the State to satisfy the jury, beyond a reasonable doubt, that carnal penetration of a female of the age of consent was consummated by force and against her will, or by putting her in great fear and terror.

8. Rape is only committed against the will of the female and by force, or by putting her in great fear and terror; and if sexual connection with her is obtained by milder means, or with her consent or silent submission, it will not constitute the crime of rape.

9. When it appears that sexual connection has been had with a female against her consent, the law implies force.

10. In a prosecution for rape it is not necessary to prove the actual *emissio seminis*; proof of an actual *penetravit* is sufficient.

11. In a prosecution for rape, it must be shown that there was an actual *penetravit*, but proof of the slighest penetration, that is of the entrance of the male organ within the private parts of the female, without her consent, is sufficient.

12. In a prosecution for rape, the jury may take into consideration the place and time of the alleged assault, any outcries or resistance made by the prosecuting witness, or the absence of such, the proximity of other people if any, sufficiently near to hear or know of such outcries or resistance, and the like testimony.

13. Testimony introduced to establish an *alibi*, that is, testimony which is intended to prove that at the time and place the offense is alleged to have been committed, the accused was elsewhere, should be carefully considered by the jury in connection with all the evidence in determining the innocence or guilt of the accused.

14. In every criminal prosecution the accused is clothed with the presumption of innocence, and it is incumbent upon the State to prove every material element of the crime charged to the satisfaction of the jury beyond a reasonable doubt.

*Del. Statute*, 18 *Del. Laws p.* 951, *Chap.* 686;

*Rev. Code* (1893) 924, *Chap.* 127, *Sec.* 10;

(*November* 30, 1909.)

PENNEWILL, C. J., and BOYCE and HASTINGS, J. J., sitting

*Josiah O. Wolcott*, Deputy Attorney-General, for the State.

*Josiah Marvel* and *Wilbur L. Adams* for the prisoner.

Court of Oyer and Terminer in and for New Castle County, beginning November 29, 1909.

INDICTMENT FOR RAPE (No. 52, May Term, 1909).

Writ of error sued out of the Supreme Court by defendant.

Verdict of guilty.

At the trial, the State proved by the prosecuting witness—a Polish girl eleven years old—and a companion of hers who was present at the time, that about the last of February or the first part of March, 1909, at 307 East Second Street, in a room rented by the defendant, the latter had sexual intercourse with said prosecuting witness forcibly and against her will. The prisoner was arrested for said crime on March 28, 1909. Dr. Joseph P. Wales testified that immediately after the arrest of the prisoner he examined the prosecuting witness and found her hymen torn or ruptured, and that it indicated partial or complete penetration of the female organ.

Testimony of the prosecuting witness that the accused was the only person who had ever used her, was admitted against the objection that it was immaterial.

PENNEWILL, C. J.:—The purpose is, as we understand, to make material the testimony of the Doctor that some one had had connection with the prosecuting witness.

Testimony of a physician as to a disease of the private parts of prosecuting witness discovered upon an examination made two months after the alleged offense, was admitted against the objection that it was irrelevant, being too remote, the Chief Justice saying in admitting this testimony: We understand the purpose is to show by this physician that some one had had sexual intercourse with this girl, from the condition of her private parts.

Counsel for defendant asked the same witness the following question: "Do you say to this jury that this child contracted this disease which you have described as syphilis, by intercourse with a man?   A.   I do."

PENNEWILL, C. J.:—We overrule the objection previously made to the question propounded to the witness by Mr. Wolcott

Evidence—Opinion.

(viz., as to what she found upon her examination of the prose-
cuting witness in May), and admit the question; the testimony to
have such effect as the jury think it is entitled to under all the
circumstances.

*By Mr. Wolcott*:

"Q.  What did you discover?  A.  I discovered that she
had a veneral disease in the secondary stage, and that it had gone
on so long that the glands had suppurated more or less; open ulcers
Q.  In the case of a disease in the secondary stage, such as
you found this to be from your examination, could you in you
opinion state how long it had been since the intercourse which
caused the disease had taken place?  A.  You see that would
vary some.  It would have to be more than six or eight weeks.
It might be three months and might have been six months.  It
must have been more than six weeks, under ordinary circum-
stances, for it to become constitutional.  It might have been
three months because the tissue walls were very greatly infected."

Testimony as to the condition of the private parts of the
accused at an examination made by a physician at the Work-
house in September, six months after the alleged offense, was
objected to as being too remote, and in sustaining the objection,
PENNEWILL, C. J., said:

"We think this being six months after the time of the alleged
assault upon the child, it is too remote from the time of the actual
occurrence.  We sustain the objection."

Whereupon, Mr. Marvel, moved that the testimony of Dr.
De Lacour as to the condition of this girl as having an infectious
disease, be stricken out.  Continuing he said: "The question asked
by the Attorney-General was predicated upon two things:
*First*, that this prisoner had a similar disease at the time this
charge was made,  That not being proved by the Attorney-Gen-
eral, the ground fails.  Another ground intimated by the Attor-
ney-General was that it tended to show that she had sexual inter-
course.  That, it occurs to us, is entirely too remote to have
admitted that testimony.  If he had been able to show that this
defendant had been infected by the same disease at the time, or

about the time that this assault had been committed, I could readily see the pertinency of the evidence in this case. But the fact that she now has, or had, twelve weeks after this alleged assault an infectious disease can have no bearing whatever upon this case; and the remote suggestion by this doctor that the presence of such a disease must have been due to sexual intercourse with a man having that disease, is, it occurs to us, entirely too remote to be placed in evidence in this case.

"We therefore move that all the testimony of the doctor pertaining to the disease of this girl, this infectious disease, be stricken from the record."

PENNEWILL, C. J.:—Without referring at all to the testimony, we decline to strike it out.

(The defense relied upon was an *alibi*.)

PENNEWILL, C. J., charging the jury:

Gentlemen of the jury:—It is charged in this indictment that George Colombo, the prisoner at the bar, on the second day of March of the present year, in this City and County, violently and feloniously did make an assault on one Mary Lefkowicy, and her did violently, forcibly and against her will feloniously ravish and carnally know. The offense charged is that which is commonly known as rape.

We have been asked by the defendant to direct you to return a verdict of not guilty, for the reason that the law respecting the crime of rape, prior to the year 1898, was repealed by an Act passed by the Legislature in that year, entitled "An Act for the Better Protection of Female Children," being *Chapter* 686, *Volume* 18, *Laws of Delaware*.

We decline to so direct you, because we are of the opinion that the statute referred to did not repeal or in anywise affect the existing law respecting the crime of rape.

We say to you that while a certain day is stated in the indictment, upon which the crime is alleged to have been committed by the defendant, such date is not material, and it is not

Charge.

necessary that the State should have proved that the crime was committed upon that particular day. If it is shown that the alleged offense was committed by the defendant at any time within three years before the finding of the indictment, that would be sufficient so far as the time is concerned.

Rape in this State has been held to be the carnal knowledge of a woman by force and against her will. Force, either actual or presumptive, is, in legal contemplation, an essential and indispensable element of rape, whether it be committed on a female over or under the age of consent. Upon proof of carnal penetration of a female of the age of consent—that is, of seven years of age or more in this State—the burden is upon the prosecution to further prove to the satisfaction of the jury beyond a reasonable doubt, that the penetration was consummated by force and against her will, or by putting her in great fear and terror, before a conviction of rape can be had.

A rape can only be committed against the will of the female and by force, or by putting her in great fear and terror; and if sexual connection is obtained by milder means, or in any other way with the consent or silent submission of the party, it cannot constitute the crime of rape in contemplation of law. When the fact appears that sexual connection has been had against the consent of the woman, the law implies force.

Formerly, in a prosecution for rape, it was necessary for the State to prove not only an actual penetration but also the actual *emissio seminis*, in order to constitute a carnal knowledge; but it is now the law of this State that in a prosecution for rape it should not be necessary to prove the actual *emissio seminis*, in order to constitute a carnal knowledge, but the carnal knowledge shall be deemed complete upon proof of an actual penetravit.

But while it is not necessary under the law for the State to prove more than an actual *penetravit*, and while the slightest penetration is sufficient, yet it must be shown beyond a reasonable doubt that there was an actual penetration, at least proof of some degree of entrance of the male organ within the *labia*

*pudendum*, that is, the private parts of the female; and it must be also proved to the satisfaction of the jury beyond a reasonable doubt, that such penetration was made without the consent of the female.

So we say that before you can find the prisoner guilty in this case, you must be satisfied beyond a reasonable doubt from the evidence, *first*, that the alleged rape was actually committed; and if so, in the *second* place, that it was committed by the prisoner at the bar, by force and against the will of the prosecutrix. Force is an essential element in the crime of rape, and must be proved beyond a reasonable doubt, to warrant conviction.

In determining whether the crime of rape, with which the prisoner is charged, was committed, you should carefully consider all the testimony, and whether from that testimony the child upon whom the assault is alleged to have been committed, acted at or about the time as one of her age, condition and surroundings would naturally and probably have acted if she had been assaulted as charged in the indictment. In this connection, for the purpose of reaching a conclusion you may take into consideration the place and time of the alleged assault; any outcries or resistance made by the prosecuting witness, or the absence of outcries or resistance; the proximity of other people, if it appear from the testimony that there were persons sufficiently near at the time to hear or to know of such outcries, or resistance, if any were made; and you should also take into consideration the testimony respecting any complaint or mention of the assault made by the prosecuting witness, when it was made, if made at all, to whom it was made or not made, and how soon after the alleged assault it was made. We mean by this that you may consider all such facts and circumstances as shown by the testimony, in order to satisfy yourselves whether the testimony respecting the guilt of the prisoner is or is not true.

If you believe from the evidence in this case beyond a reasonable doubt that the prisoner did have sexual intercourse with the prosecuting witness, within the time we have mentioned, and

that such intercourse was had by force and against the consent of the prosecuting witness, your verdict should be guilty.

The prisoner has introduced testimony in his defense to establish what is called an *alibi*; that is to say, testimony which is intended to prove that at the time the offense is alleged to have been committed the prisoner was elsewhere than at the place where the crime is alleged to have been committed. You should carefully consider this testimony, as well as the other testimony in the case, in determining whether the prisoner is guilty of the offense charged in the indictment, or not guilty.

In the discharge of your duty, gentlemen, you should not be swayed or influenced by any consideration of the punishment which may follow conviction. It is your duty to determine and by your verdict declare whether the prisoner, under the evidence you have heard, is guilty or not guilty of the crime charged in the indictment.

But, gentlemen of the jury, we say to you in conclusion, that in every criminal case the defendant is clothed with the presumption of innocence; and it is incumbent upon the State in order to secure conviction, to prove every material element or ingredient to your satisfaction beyond a reasonable doubt. If after carefully and conscientiously considering and weighing all the evidence in the case you should entertain a reasonable doubt of the prisoner's guilt, that doubt must inure to his benefit, and your verdict should be not guilty.

In cases where the evidence is conflicting, it is the duty of the jury to reconcile that conflict if they can. But if they cannot do so, they should accept the testimony which they think under all the facts and circumsances of the case is most worthy of credit and belief.

Verdict, guilty.