(117 So. 612)

MARSHALL v. STATE. (7 Div. 386.)

Court of Appeals of Alabama. June 30, 1928.

John B. Isbell, of Ft. Payne, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, P. J. Appellant was indicted, tried, and convicted for having carnal knowledge of May Houston, alleged to be under 16 years of age and over 12. The evidence disclosed some slight conflict as to the details, time, place, etc., of the alleged cohabitation of these parties, but the fact of such cohabitation within the time covered by the indictment and in the county where the indictment was preferred and the prosecution pending was without dispute. The defendant's plea of "not guilty" raised two questions only: (1) Did he have carnal knowledge of the girl in question? (2) Was such girl under the age of 16 years at the time? The first essential ingredient being without dispute, there remained but one material inquiry upon this trial, that of the age of the alleged injured party, May Houston. On this question there was much evidence. The burden rested upon the state to establish that fact beyond a reasonable doubt by the evidence. While the preponderance of the evidence appears to have tended to show that the girl in question was over the age of 16 years when the alleged offense was committed, there was evidence contra, and notwithstanding this evidence appeared vague and uncertain, and was filled with apparent discrepancies and contradictions, yet all this was for the jury, upon whom the duty devolved to decide questions of fact when conflict in the evidence appears. Such questions as the notorious lewdness of the woman, and her illicit relations with numerous other men, and of her consent on the occasion complained of was not involved; nor were the questions of her having subsequently given birth to a child, and the insistence that the defendant had communicated to her a venereal disease permissible inquiries. Inquiry as to all these matters were undertaken, but in the main were not permitted by the court. However, over the objection and exception of defendant, the court did permit the state to inquire of the defendant, "You gave this girl syphilis didn't you?" and, "You had the syphilis and gave it to this girl at that time didn't you?" And likewise defendant was forced to answer, "Well I had that." At that time the court overruled the motion to exclude this testimony; but, after the evidence in this case for each side had closed, the court undertook to exclude the evidence, and stated:

"Gentlemen of the jury, as it stands now, the testimony with reference to the disease of the defendant will go out. Something was said here about the defendant having a disease; that goes out; don't consider that; forget it; it hasn't anything more to do with the case than other matters I have been excluding; don't consider it at all."

The record shows that:

"While the prosecuting attorney was arguing the case, counsel for the defendant made motion to withdraw this case from the jury and enter a mistrial and assigned as reasons the following: On account of the statement of the solicitor regarding the disease of the defendant, because of it being highly prejudicial to the defendant."

The motion was overruled and defendant then and there duly excepted to the ruling of the court. The court then and there again instructed the jury to disregard the testimony.

We do not think it was in the court's power to eradicate this immaterial and highly damaging evidence from the jury and prevent its consideration by them and cause them to "forget it." Having been erroneously admitted, its hurtful effect of necessity remained with the jury; this, coupled with the further fact that the prosecuting attorney argued the evidence on this question to the jury, notwithstanding it had been ruled out and excluded by the court. All this, together with other rulings of similar import, convinces us that the court should have granted defendant's motion for a new trial, the ruling upon which is properly presented. For the error in overruling said motion, the judgment of conviction from which this appeal was taken is reversed, and the cause remanded.

Reversed and remanded.