138 So. 291

## WILLIAMS v. STATE.

I Div. 678.

Supreme Court of Alabama.

Dec. 3, 1931.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

P. C. Fountain and Graham A. Sullivan, both of Mobile, for appellant.

**8**

**THOMAS, J.**

The trial was had on an indictment for rape; the jury found a verdict of guilty as charged; and the punishment imposed was that "he suffer death by electrocution."

No point is made upon the record proper; and it has been examined and found regular.

A motion for continuance for the issuance of an attachment for a witness, because of his absence, should disclose, among other things, the fact that the witness was available or within the jurisdiction of the court at the time of the trial; and it is held there was no error in the court's refusal to delay the trial and issue an attachment for a witness in the absence of a proper showing. Gaines v. State, 146 Ala. 16. 41 So. 865; Walker v. State, 117 Ala. 85, 23 So. 670; Knowles v. Blue, 209 Ala. 27, 32, 95 So. 481.

The court issued an attachment for the witness, Dr. J. H. Dodson, returnable instanter, and required that he be put under bond when apprehended. Whereupon counsel for defendant stated that he (counsel) was informed that the witness "has left town, and if he has, is your Honor going to allow us a showing in that?" to which the court replied that deputies were making a diligent search for the witness and his information was "that he is out of the jurisdiction of the court." The sheriff so reported and returned.

There was no reversible error committed by the trial court in declining to grant the motion for continuance, or to put the state upon the unsworn showing, as presented by the record proper.

There was no error in admitting evidence as to the condition of prosecutrix' sexual organs, and of the development and presence of venereal disease in the child. The physician, perceiving the venereal disease with which defendant was affected when arrested, made periodic examinations of the person of the child to note whether or not there was development of like disease in her person. Such being the fact, that evidence was competent on corpus delicti and identification. Malloy v. State, 209 Ala. 219, 96 So. 57.

The immediate signs of injury on the person of the little girl, and those of blood stains on the ground at the place of the injury, were properly admitted as evidence for like reasons. Scott v. State, 48 Ala. 420.

The witness Dr. Cochrane was qualified as an expert, by his personal knowledge of the defendant, to give an opinion bearing on the sanity or insanity of the defendant when discharged from the asylum. This evidence given was competent and relevant under the plea of not guilty by reason of insanity, and cross-examination of the witness was without error. Kilpatrick v. State, 213 Ala. 358, 104 So. 656.

Charge 2, whether correct or not, was refused to defendant without error, as it was covered by the charges given. Section 9509, Code.

The credibility and weight of the evidence under the several issues of fact were for the jury (Walker v. State [Ala. Sup.] 135 So. 438),[1] and the verdict is supported by sufficient evidence on behalf of the state, which, if believed, warranted a conviction.

The judgment of the circuit court is therefore affirmed, and, it appearing that the day fixed by the judgment for the execution of the sentence has passed, it is ordered that Friday, the 15th day of January, 1932, be fixed by this court as the date of the execution of the sentence.

Affirmed.

All the Justices concur.

