71 So.2d 99

**MALONE v. STATE.**

**6 Div. 690.**

Court of Appeals of Alabama.

Dec. 22, 1953.

Rehearing Denied Jan. 12, 1954.

E. D. McDuffie, Tuscaloosa, for appellant.

Si Garrett, Atty. Gen., Robt. Straub, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

The indictment in this case charges the offense of carnal knowledge of a girl under the age of twelve years. The trial resulted in a judgment of conviction for the lesser offense of assault.

We do not see that it is necessary for us to recite the salacious and obscene details of the evidence incident to the alleged offense.

The evidence for the State tending to connect the accused with the crime charged rested primarily on the testimony of the complaining party, who was eleven years of age.

The appellant claimed and testified that he did not molest the little girl in any manner.

The disputed factual issues thus presented were addressed to the jury for determination and decision. Appellant's counsel does not contend otherwise.

The only question of critical concern for our review relates to the rulings of the court incident to the introduction of a specific character of evidence.

About two months subsequent to the time of the alleged offense, the prosecuting witness was examined by a physician. The doctor testified that he found an "organism resembling gonococcus, generally known as gonorrhea." Over timely objection by appellant's counsel the trial judge permitted this proof.

The position of the defendant's attorney is supported by the holding in Marshall v. State, 22 Ala.App. 552, 117 So. 612.

In later decisions by the Supreme Court the rule in the Marshall case, in this aspect, was not followed.

In the case of Williams v. State, 224 Ala. 6, 138 So. 291, 292, the court held that "such * * * evidence was competent on corpus delicti and indentification."

This authority is cited in Weems v. State, 224 Ala. 524, 141 So. 215. The court made a factual distinction and held that the rule in the Williams case had no application.

The Supreme Court again reviewed this question in Hull v. State, 232 Ala. 281, 167 So. 553, and held that "such evidence was competent as tending to show the corpus delicti."

It is true that in the Supreme Court cases proof was established that the accused was also infected with the venereal disease at the time of the alleged assault.

In the instant case there is no evidence to this effect. In fact, there is positive proof that the accused did not have the disease.

The authorities cited *supra,* however, approve the admissibility of the evidence because it tends to establish the corpus delicti.

Under this theory it would become a matter of no material concern whether or not the accused party was infected with the malady at the time of the alleged assault.

 The rule is well established that proof of the identity of the accused is not an essential part of the corpus delicti. Vernon v. State, 239 Ala. 593, 196 So. 96; Beans v. State, 36 Ala.App. 65, 52 So.2d 238.

 "Corpus delicti means the body or substance of the crime, and may be defined in its primary sense as the fact that a crime actually has been committed. As applied to a particular offense, it means the actual commission by some one of the particular crime charged. The words are sometimes employed with a secondary meaning to indicate the subject of the crime and its visible effect, such as the body of the person murdered or the ruins of a house burned." 23 C.J.S., Criminal Law, § 916, page 181.

See also Weaver v. State, 24 Ala.App. 208, 132 So. 706.

 We find support for our view in authorities from other jurisdictions.

In the case of People v. Liggett, 18 Cal. App. 367, 123 P. 225, 226, the objection to this character of evidence was directed specifically to the position that there was no proof that the defendant ever "had a disease." In response to the review the court held that it was "a circumstance tending to show intercourse."

It is pointed out in appellant's brief that the examination and the findings of the physician were two months after the date of the alleged assault. On the basis of these facts it is urged that the evidence was too remote in point of time to be admissible.

 We are unable to agree with this position.

 It is a matter of common knowledge that gonorrhea, if not arrested, will continue in infectiousness much longer than two months.

There is no evidence in the instant case that the little girl was infected with the disease prior to the alleged assault, and there was no proof that she was free from it at any time subsequent thereto and before the physician made the examination and found the indicated results.

The case of State v. Colombo, 1 Boyce, Del. 96, 75 A. 616, is in point and supports our view both as to the absence of proof of the infectiousness of the accused and the remoteness of time.

In that case the evidence was based on an examination which was made twelve weeks after the alleged assault.

In the case of Fields v. State, 203 Ark. 1046, 159 S.W.2d 745, 747, the court observed:

"Appellant assigns as error the admission of the testimony of Dr. W. J. Sheddan relative to the diseased condition of the little girl. The act of sexual intercourse occurred September 30, 1940, and his physical

examination of the little girl was on December 7, 1940, only about two months after she had been raped by appellant. At that time the doctor discovered that she had a well developed case of gonorrhea. The examination was not so remote as to preclude admission of the evidence. 4 Elliot on Evidence, § 3107."

The opinion makes no reference to proof of the infectiousness of the accused. Apparently this evidential factor did not influence in any manner the holding of the court.

Written charge numbered 1 refused to the defendant is abstract. The prosecution did not rely on circumstantial evidence.

Charge numbered 21 also refused is covered by given charges and the oral instruction of the court.

We do not find any reversible error in the record.

The judgment below is ordered affirmed.

Affirmed.