324 So.2d 322

**John Thomas KEARLEY**

**v.**

**STATE.**

**1 Div. 634.**

Court of Criminal Appeals of Alabama.

Dec. 16, 1975.

No brief for appellant.

William J. Baxley, Atty. Gen., and J. Brent Thornley, Asst. Atty. Gen., for the State, appellee.

BOOKOUT, Judge.

Robbery; sentence: twenty-five years imprisonment.

The appellant was arraigned on a two-count indictment. Count One charged that he robbed one James Black of $15,428.00, and Count Two charged a robbery of the same sum, alleging it to be the property of Peoples Exchange Bank, and taken from the person of James Black, an employee of that bank. The two counts, though not set out in this opinion in technical language, are set out in the record in language in conformity with Title 15, § 259, Form No. 95, Code of Alabama 1940.

■ On arraignment, the appellant and his attorney, are shown by minute entry in the record to have been advised by the trial court of all rights enumerated in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). There likewise appears in the record, "COURT'S EXHIBIT A," again enumerating all of the appellant's *Boykin* rights, and attested by the signatures of the appellant, his attorney and the circuit judge. In addition, there is a full and complete colloquy, recorded by the court reporter and included in the record, wherein the trial judge apprised the appellant of all his rights mandated by *Boykin*, supra. We find that the trial court properly accepted the guilty plea.

The appellant contends that the court committed error by not specifying in the judgment entry which one of the two counts to which the finding of guilt referred.

■ The general rule is that a general verdict of guilty on a two-count indictment is valid where the evidence would sustain a verdict of guilty under each count, and the sentence imposed is no greater than could have been imposed on any one of the counts. *Knight v. State*, 50 Ala.App. 457, 280 So.2d 163 (1973). Here, the indictment charges the same robbery in two counts. One count sets forth the name of the individual robbed, and the other count sets forth the name of that individual and his relationship as employee of the corporation having ownership of the money taken. A guilty plea supplies both evidence and verdict, ending all controversy. *Woodard v. State*, 42 Ala.App. 552, 171 So.2d 462 (1965); *Albright v. State*, 50 Ala.App. 480, 280 So.2d 186 (1973). A valid general plea of guilty to a two-count indictment has the same effect as a general verdict of guilty under a two-count indictment. Thus, we find that the guilty plea would sustain a judgment of guilt under each count of the instant indictment, and the sentence imposed was no greater than could have been imposed on any one of the counts. The trial court, therefore, committed no error in its manner of imposing judgment.

Affirmed.

All the Judges concur.