BOOKOUT, Judge.
Second degree murder; sentence: thirty-five years.
The appellant was indicted and convicted for the murder of his brother, Paul Scott. The alleged murder took place in the evening on March 3, 1975. There was substantial evidence presented at trial from which the jury could conclude that the appellant willfully shot and killed Paul Scott with a twelve gauge shotgun. The appellant testified that the shooting was accidental.
There are three arguments presented by the appellant on appeal which deserve consideration.
I
The appellant made two incriminating statements immediately after the shoot *621 ing occurred which were admitted into evidence at trial. The appellant contends that he was too intoxicated to have made intelligent, knowing and voluntary inculpatory statements. If this contention is correct, the statements should have been excluded at trial.
A reading of the trial transcript reveals that the appellant was drunk at the time of the shooting and at the time he made the two incriminating statements. The rule is well established that intoxication, short of mania or such an impairment of the will and mind as to make the person unconscious of the meaning of his words, will not render a statement or confession inadmissible. Anderson v. State, 45 Ala.App. 653, 235 So.2d 902 (1969); Woods v. State, 54 Ala.App. 591, 310 So.2d 891 (1975).
Intoxication which would affect the voluntariness of a statement is primarily a question of fact which first addresses itself to the trial judge to determine admissibility and later to be submitted to the jury for whatever consideration it may deem appropriate. There was ample evidence, even though conflicting, from which the trial judge could conclude that the appellant was not intoxicated to the extent of mania. Judge Cates in Woods, supra, stated the proper function of the jury in situations such as we have in the present case as follows:
“When this problem of incremental evaluation of alcoholic influence occurs in homicides the Law throws its hands skyward and leaves the judgment to its Johannes Factotum, the jury.” (Footnote omitted.)
The jury’s judgment was not against the weight of the evidence.
On March 4, 1975, the appellant made an incriminating statement to a police officer. The statement was given after the appropriate Miranda warnings were issued, and the statement was used against the appellant at trial. The statement was made after the appellant had slept in the woods for an entire night. The temperature had been subfreezing, and the appellant had sobered up considerably. We hold that there was sufficient evidence from which the trial court could find that all these statements were made voluntarily.
II
Ordinarily malice may be inferred from the use of a deadly weapon. The appellant contends that his degree of intoxication was so excessive as to render him incapable of forming the design to take life and thereby precludes a finding of malice essential to murder in the second degree. Ivory v. State, 237 Ala. 344, 186 So. 460 (1939).
Mere drunkenness, voluntarily produced, is never a defense against a criminal charge unless it is so extreme as to render impossible some mental condition which is an essential element of the criminal act. The degree of intoxication necessary to negate the element of malice must be so excessive as to paralyze the mental faculties and render the appellant incapable of forming or entertaining the design to take life. Walker v. State, 91 Ala. 76, 9 So. 87 (1891); Gautney v. State, 284 Ala. 82, 222 So.2d 175 (1969).
As stated earlier, the problem of incremental evaluation of alcoholic influence is a question of fact for the jury. We hold that the jury’s finding regarding the element of malice was not against the weight of the evidence.
III
On direct examination, the appellant admitted that he had previously been convicted of cattle rustling. The prosecuting at- ■ torney, in his closing argument, walked toward the appellant and in a loud and boisterous voice, called the appellant a cattle rustler. The appellant objected to this action, and the trial court sustained the *622 objection. The appellant did not move for a mistrial.
There is no uniform legal standard against which such action can be measured. Smith v. State, 282 Ala. 268, 210 So.2d 826 (1968). The fact that the appellant had been convicted of cattle rustling was already in evidence. The ruling of the trial court on appellant’s objection was not adverse to appellant and is not subject to review unless the remark was so prejudicial that it could not be cured by proper ruling of the trial court. Anderson v. State, 209 Ala. 36, 95 So. 171 (1922).
We do not find the statement of the prosecutor to be so highly prejudicial that it was incapable of being cured by the ruling of the trial judge. We have often cited Arant v. State, 232 Ala. 275, 167 So. 540 (1936) for the proposition that, “a trial is a legal battle, a combat in a sense, and not a parlor social affair.”
AFFIRMED.
TYSON, HARRIS and DeCARLO, JJ., concur.