BOOKOUT, Judge.
The appellant was indicted, tried and convicted for the drowning death of Hopson Backin on October 11, 1975. The evidence, which included a confession by the appellant, was sufficient to support a guilty verdict. Morton v. State, Ala.Cr.App., 338 So.2d 423, cert. denied Ala., 338 So.2d 428 (1976). The appellant contends the trial court erred to reversal by admitting into evidence the appellant’s confession and two photographs of the body of the deceased. We do not agree.
THE CONFESSION
The appellant was detained for questioning concerning the deceased’s death on October 24, 1975, and he was subsequently released. Approximately ten hours later on October 25, 1975, the appellant was arrested at which time he confessed to the crime. *50 On both occasions, the record reveals the appellant was advised of the appropriate Miranda rights which he knowingly and voluntarily waived. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); Flannagin v. State, 289 Ala. 177, 266 So.2d 643 (1972). The appellant argues that his confession should have been excluded at trial for two reasons.
A
The appellant’s confession consisted of a question and answer session between himself and Sgt. J. R. Horton, the interrogating officer. It is the appellant’s contention that the interrogation continued after the appellant requested that no more questions be asked in violation of Miranda, supra. United States v. Crisp, 435 F.2d 354 (7th Cir. 1970). The transcript of the appellant’s confession consisted of fourteen typewritten pages. There appear in the transcript only three instances which might possibly indicate a desire to break off the interrogation.
The first instance occurred as follows:
“Q. Well, Phillip, when ya’ll got him in the car there.
“A. I don’t want to talk no more .
“Q. Okay, are you ready to go on upstairs.
“A. What every (sic) you want to do. I want the chair or whatever you will give me.
“Q. Well it’s going to be a while Phillip.
“A. I’ll talk to you, however you want to handle it, or whatever I have to go through to get it. That’s all I know. I don’t want you to ask me nothing else.”
The second instance occurred as follows:
“Q. Phillip, getting back to what we were were talking about Saturday.
“A. I don’t want to talk about it no more. All I want is what I am asking for.
“Q. Well . . .
“A. I know it can be arranged, because if you say it can’t be arranged when I know it can.
“Q. All we want to know is what happened by you? And why? I want to know what was going through your mind that night.
“A. I don’t know what was going thru. I don’t believe I had any mind that damn day. If I had one it was somewhere else.”
The final instance occurred as follows:
“Q. Well, let’s call it a night and let you go up there and get some sleep.
“A. Naw, I want to make a statement and all while I’m here.”
Throughout the interrogation, the appellant expressed a desire to confess to the crime. The appellant apparently did not believe that some of Sgt. Horton’s questions were relevant as indicated by the first two instances quoted above. However, given the context of the appellant’s continued desire to confess in order to obtain punishment, as indicated by the third instance quoted above, we are of the opinion that the first two instances quoted above do not indicate a desire on the appellant’s part to break off the interrogation. We find, rather, a desire on the part of the appellant that only questions which he thought relevant to the murder be asked. Such a desire does not render the confession inadmissible. Frazier v. Cupp, 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969).
B
The appellant also contends that he could not voluntarily, knowingly and intelligently waive his constitutional privilege against self-incrimination due to an alleged high level of intoxication. The appellant did introduce some slight evidence of a high degree of intoxication. However, Sgt. Horton testified that in his opinion the appellant, although he had been drinking, was not drunk.
We have dealt, at length, with similar problems in other cases. See: Scott v. State, Ala.Cr.App., 333 So.2d 619 (1976). Suffice it to state that intoxication, short of mania or such an impairment of the will and mind as to make the person unconscious *51 of the meaning of his words, will not render a statement or confession inadmissible. Woods v. State, 54 Ala.App. 591, 310 So.2d 891 (1975). There was ample evidence even though conflicting, from which the trial court could conclude that the appellant was not intoxicated to the extent of mania. Scott, supra. It was not error for the trial court to admit into evidence the appellant’s confession.
THE PHOTOGRAPHS
The trial court admitted into evidence two photographs of the deceased. Their introduction was objected to because of the alleged lack of probative value and their alleged inflammatory nature. Again we have dealt, at length, with the problem of gruesome photographs. See: Lewis v. State, Ala.Cr.App., 339 So.2d 1035 (1976). We find that the two photographs in question tend to shed light on, strengthen and illustrate the truth of other testimony. Lewis, supra. The trial court committed no error in allowing the two photographs to be introduced into evidence.
AFFIRMED.
All the Judges concur.