[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1182 
Second degree burglary and grand larceny; sentence: ten years imprisonment.
Around 1:00 p.m. on March 2, 1979, the appellant broke into and entered Apartment 101-A of the Vieux Carre' apartment complex in Montgomery. Within minutes after his departure, he was apprehended and arrested by Montgomery Police Detectives W.T. Sheriff and J.L. Roy who had him under observation throughout the morning.
 I
Counsel for the appellant filed a motion to suppress "evidence oral and tangible obtained directly or indirectly from Defendant." Appellant contends that the trial court erred in denying that motion. Specifically, he asserts (1) that there was no probable cause to arrest him, consequently any evidence obtained as a result thereof was inadmissible, and (2) that his confession was involuntary and unintelligently made.
 A
During a hearing on appellant's motion to suppress, Montgomery Police Detective W.T. Sheriff testified that he and his partner, Detective J.L. Roy, observed the appellant throughout the morning on March 2. Detective Sheriff stated that the appellant was under observation because he was a suspect in various burglaries. After following the appellant from his home to various places, he observed the appellant leave his home around 12:30 or 1:00 p.m. and drive to the Vieux Carre' apartments. He and his partner parked across the street and photographed the appellant's actions. He saw the appellant exit his car, walk around an apartment building, return to his car, attach a utility belt with tools to his waist and enter the apartment building. Within three to four minutes, the appellant exited carrying a brown paper sack. After removing *Page 1183 
his utility belt and placing it and the sack in his car, the appellant drove away. The detectives immediately apprehended him. Their inspection of the paper sack revealed the contents to be a collection of various old coins.
The utility belt and tools (including a pipe wrench) and the door knob to the burglarized apartment were admitted into evidence without objection or by stipulation of appellant's counsel. Likewise, a group of photographs illustrating appellant's actions after he had exited from the apartment building were admitted into evidence without objection.
An officer may arrest without a warrant when "a felony has been committed and he has reasonable cause to believe that the person arrested committed it." Section 15-10-3, Code of Ala. 1975. The rule of reasonable or probable cause is a "practical, nontechnical conception." Brinegar v. United States,338 U.S. 160, 176, 69 S.Ct. 1302, 1311, 93 L.Ed. 1879 (1949). As defined in Draper v. United States, 358 U.S. 307, 313, 79 S.Ct. 329,333, 3 L.Ed.2d 327 (1959):
 "Probable cause exists where `the facts and circumstances within their [the arresting officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed. . . ." (Citation omitted.)
In determining whether there is probable cause to arrest, it is not necessary that the officer have before him evidence that would support a conviction for the offense. He need only have facts and circumstances within his knowledge which are reasonably trustworthy and which would lead a prudent man to believe that the accused had committed or was committing an offense. The officer's good faith in making the arrest alone is not sufficient. Braxton v. State, Ala.Cr.App., 350 So.2d 753
(1977).
In the instant case Detective Sheriff suspected that the appellant had been involved in numerous unsolved burglaries. While mere suspicion or knowledge of an accused's reputation alone are not enough to negate the warrant requirements of the Fourth Amendment, they are factors to be considered in determining whether probable cause existed for the arrest.Young v. State, Ala.Cr.App., 372 So.2d 409 (1979); Knight v.State, Ala.Cr.App., 346 So.2d 478, cert. denied, Ala.,346 So.2d 483 (1977). In Young the officers observed no conduct out of the ordinary which would lead a prudent person to believe a felony was being committed. In that case the officers acted only on the suspect's reputation and upon their own suspicions. In the instant case the appellant's conduct observed by the officers was substantially more incriminating than that observed in Young, supra.
Detective Sheriff knew the appellant did not reside at the Vieux Carre' apartments. His observations of the appellant's actions at the apartment complex revealed that the appellant first walked around the apartment building apparently "casing" it. Appellant returned to his car and placed the utility belt with tools around his waist, reentered the apartment building, and after a brief time exited carrying a brown paper sack with which he had not previously entered. He then got in his car and drove away. Based upon Detective Sheriff's observation of appellant, he had facts and circumstances within his knowledge to lead him or any other prudent person to believe that the appellant had committed a burglary. The actions of the two officers here evidenced good police work. We find that appellant's arrest was legal and that the evidence, procured as a result of such, was not rendered inadmissible on the basis of a lack of probable cause.
 B
Appellant next asserts that the trial court erred in denying his motion to suppress his confession on the ground that it was involuntarily and unintelligently given. Appellant contends that he was suffering from *Page 1184 
alcoholism and was intoxicated to such an extent that he could not voluntarily waive his Miranda rights.
Detective Sheriff testified that after the appellant was apprehended and arrested around 1:30 p.m. he was transported to police headquarters. There he read the appellant his Miranda
rights. Around 2:15 p.m. the appellant read and then signed a waiver of rights form which also contained the Miranda warning. That form was introduced into evidence without objection. Detective Sheriff testified that no reward was offered or threat made to induce the appellant to make a statement. He said that the appellant then made an inculpatory statement and signed it at 4:45 p.m.
Detective Sheriff stated that although he was aware that the appellant frequented bars he had no knowledge of his drinking habits. Neither did he see the appellant take a drink on March 2 although the appellant told him he had been drinking. He testified that no deal was made for the appellant to be released on bond and no promise of leniency was made if the appellant would aid in their investigation of numerous unsolved burglaries in exchange for his statement. The appellant did in fact help solve many of those burglaries, but his assistance in that matter was requested after the instant statement had been made and signed.
The appellant presented several witnesses who testified about alcoholism in general as well as his specific drinking habits and problems. His wife, Lela Tice, testified that he had not been regularly employed during the prior year. She said the appellant had a drinking problem and would normally begin drinking after she left home for work each morning. Mrs. Tice testified that around 2:30 p.m. on March 2 she was notified by her son of her husband's arrest and, after getting off work around 4:00 p.m., went to see him at city hall. She spoke to Lieutenant T.J. McClain who told her that they were attempting to sober up the appellant, that they did not need him in jail, but needed him on the outside to help them. Mrs. Tice was later allowed to post bond for the appellant.
Clarence Cook, appellant's probation officer, testified that it was within his discretion to allow a parole violator, as was the appellant, to be released on bond. He said no deal was arranged with him in exchange for the appellant's release. He stated that on March 13 he arrested the appellant for violation of his parole. In a report dated March 12, Cook stated that the detectives involved in appellant's case noted that the appellant had been drinking heavily, but was not "staggering drunk" and that the appellant committed the instant offense while under the influence of alcohol.
Lieutenant T.J. McClain testified that on March 2 he transported the appellant from the scene of the arrest to city hall. He stated that at that time he read appellant his Miranda
rights. While Lieutenant McClain was not involved in the investigation of the case or the interrogation of the appellant which resulted in his making a statement, he did ask Clarence Cook not to arrest the appellant if he cooperated with the police, but rather to allow his wife to post bond. Lieutenant McClain testified that he made no deal with the appellant to arrange for bond in exchange for his statement. He stated that in his opinion the appellant was not intoxicated on March 2.
Dr. Norman D. Huggins, a practicing psychiatrist from Birmingham whose chosen field of expertise is in the area of alcohol and drug abuse, testified to the general symptoms and effects that excessive amounts of alcohol may have on certain individuals. Dr. Huggins stated that the degree of such effect would depend upon one's cultural background, physical condition, past history of alcohol consumption, quantity of alcohol consumed, time in which it was consumed, and food consumption prior to, during or after the time of alcohol consumption. He testified that whether one could consciously waive his Miranda rights would depend upon his tolerance to alcohol — with one having a higher tolerance being more capable of functioning normally than one with a lower tolerance. *Page 1185 
William Sabb, a local tavern owner, testified that the appellant frequented his establishment about five days a week remaining for various periods of time. He stated that the appellant on occasion drank excessively.
Detective Sheriff, in rebuttal, testified that on the date of the arrest the appellant was not staggering, did not have slurred speech, did not have bloodshot eyes, and did not appear to be intoxicated. The appellant did not testify in his own behalf at the hearing.
The voluntariness of an alleged confession is a question of law addressed to the trial court whose ruling, upon preliminary proof, will not be disturbed on appeal unless it appears to be contrary to the great weight of the evidence or is manifestly wrong. Garrison v. State, Ala.Cr.App., 372 So.2d 55 (1979). The degree of intoxication which would affect the voluntariness of a statement is a question of fact initially addressed to the trial court and, depending upon its ruling, then to the jury for its consideration. Scott v. State, Ala.Cr.App.,333 So.2d 619 (1976); Winn v. State, 44 Ala. App. 271, 207 So.2d 138
(1968).
Intoxication, short of mania or such impairment of the will and mind as to make an individual unconscious of the meaning of his words, will not render a statement or confession inadmissible. Medders v. State, Ala.Cr.App., 342 So.2d 49
(1977); Scott, supra.
The appellant's proof indicates only one situation wherein his intoxication at the time of the confession could be supported, that being the parole report of Clarence Cook dated March 12. That report indicates that the detectives in charge of the appellant's case thought the appellant had been drinking heavily on the date of the offense, but was not staggering drunk. However, this in and of itself is insufficient testimony to establish the degree of intoxication necessary to render the appellant's confession involuntary pursuant to the cases set out above. We therefore conclude that the trial court properly found the confession to be voluntarily and intelligently given.
 II
Appellant contends that his confession should not have been admitted prior to establishing the corpus delicti of the offense charged.
Appellant was charged in a two count indictment alleging the crimes of second degree burglary and grand larceny. The jury's verdict was general in nature convicting the appellant "as charged in the indictment." It is the rule in Alabama that a general verdict of guilty on a two count indictment is valid where the evidence would sustain a verdict of guilty under either count and the sentence imposed is no greater than should have been imposed on any one of the counts. Kearley v. State,56 Ala. App. 608, 324 So.2d 322 (1975). Both second degree burglary and grand larceny carry a penalty of not more than ten years imprisonment, as was imposed in the instant case. Sections 13-2-41 and 13-3-50, Code of Ala. 1975.
Testimony elicited from Detective Sheriff during the State's case in chief was the same as that previously recited during the hearing on the motion to suppress. The appellant's confession was admitted over objection after Detective Sheriff described his observation and arrest of the appellant.
The traditional rule in Alabama is that a defendant's confession may not be admitted into evidence until proof of the corpus delicti has been established by evidence independent of the confession. The corpus delicti need not be established solely by direct evidence as circumstantial evidence may suffice. Gamble, McElroy's Alabama Evidence, § 200.13 (3rd ed. 1977). Equally as established as the rule is an exception to it. That is, if a confession is inadmissible when offered because of failure of proof of the corpus delicti, the error is cured by subsequent proof of the corpus delicti. Cooley v.State, 233 Ala. 407, 171 So. 725 (1937); Floyd v. State,82 Ala. 16, 2 So. 683 (1886). In Laffitte v. State, Ala.Cr.App.,370 So.2d 1108, cert. denied, Ala., *Page 1186 370 So.2d 1111 (1979), this court, citing Cooley, supra, stated:
 "It makes no difference, as concerns reversible error, whether the corpus delicti be proved before or after the admission of the confession so long as it is proved at sometime during the trial. . . ."
In Watters v. State, Ala.Cr.App., 369 So.2d 1262, 1271
(1978), reversed on other grounds, Ala., 369 So.2d 1272 (1979), we stated:
 ". . . inconclusive facts and circumstances tending prima facie to show the corpus delicti may be aided by the admissions or confession of the accused so as to satisfy the jury beyond a reasonable doubt, and so to support a conviction, although such facts and circumstances, standing alone, would not thus satisfy the jury of the existence of the corpus delicti. . . ."
In the instant case Detective Sheriff's testimony did not prima facie establish the corpus delicti of either offense charged in the indictment although it created a strong inference that an offense had occurred sufficiently strong to support probable cause for making the arrest. However, testimony subsequently elicited established both offenses conclusively. The State proved the apartment was broken into and that the coins in appellant's possession came from the apartment. The pipe wrench found in appellant's car was identified as having made the wrench marks on the broken door knob of the apartment. Likewise, appellant had no official connection with the apartment complex and had no one's permission to enter the apartment. Consequently, if the confession was improperly admitted initially, later proof of the corpus delicti cured that error.
 III
Appellant asserts that the court erred in allowing George C. Smith, Jr., the son of the owner, to testify as to the fair market value of the coins. He contends that only face value of the coins should have been established through this witness because the numismatic value of the coins could only be established by expert testimony. Smith testified that although he was not a coin collector, he had researched the fair market value of the coins through a magazine. He valued them at $200.
Section 12-21-114, Code of Ala. 1975, states:
 "Direct testimony as to the market value is in the nature of opinion evidence; one need not be an expert or dealer in the article, but may testify as to value if he has had an opportunity for forming a correct opinion."
The only predicate necessary for receipt of such testimony is that the witness has had an opportunity to form a correct opinion of the market value which is a question to be determined by the trial court. State v. Self, 293 Ala. 541,307 So.2d 11 (1975). The trial court's determination will not be reversed on appeal unless its ruling is shown to be clearly unjust. Thomas v. State, Ala.Cr.App., 338 So.2d 1045 (1976);Morris v. State, 25 Ala. App. 494, 149 So. 359 (1933). Our review of the record leads us to the conclusion that Smith had sufficient familiarity with the coins so as to state an opinion as to their fair market value. We therefore find no abuse of discretion in the trial court's ruling.
 IV
Appellant's last assertion of error concerns the trial court's refusal to give three requested jury instructions. The requested instructions dealt with the jury's consideration of voluntary or involuntary intoxication, the degree of intoxication and its effect on the appellant's intent, and the law of insanity, respectively.
The requested charges in question contained many typographical errors, were grammatically incorrect, confusing, misleading, and were incorrect propositions of law. Moreover, the trial court correctly *Page 1187 
covered the subject of the requested charges in its oral charge. Section 12-16-13, Code of Ala. 1975. We therefore find no error in the trial court's refusal to give those requested instructions.
AFFIRMED.
All the Judges concur.