Leon Hadley, the appellant, was indicted for and convicted of second degree theft of property. Alabama Code Section 13A-8-4
(1975). Sentence was six years' imprisonment. This appeal involves three issues.
 I
Hadley maintains that his oral confession should have been suppressed because it was induced by the promise of the Sheriff's investigator to recommend that he be given probation.
Hadley gave both an oral confession, which was tape-recorded, and a handwritten confession to Tom Nunley, an investigator for the Baldwin County Sheriff's Department. During the suppression hearing outside the presence of the jury, Nunley admitted that the written confession was given to him only after he told Hadley that he would make a recommendation to the District Attorney's Office that Hadley be given probation if Hadley would help him "with this and other things that are going on in Perdido with this group of people." Investigator Nunley stated that the oral confession was given to him before the written confession (either on the afternoon before or earlier on the morning the written confession was given) and prior to his offer to recommend probation. In contradiction of this, Hadley testified that his confession was involuntary, and that he did not make any statement admitting guilt until Nunley promised to "get him probation." The trial judge ruled that the oral confession was admissible, but suppressed the written confession.
An extrajudicial confession, whether oral or written, is prima facie involuntary and is not to be admitted until the State has shown otherwise. Garrett v. State, 369 So.2d 833, 837
(Ala. 1979); Hardy v. State, 409 So.2d 996, 1000 (Ala.Cr.App. 1982); Rush v. State, 397 So.2d 195, 197 (Ala.Cr.App.), cert. denied, 397 So.2d 197 (Ala. 1981). "In order to be admissible a confession must be free and voluntary and cannot be the result of any direct or implied promises, however slight." Eakes v.State, 387 So.2d 855, 859 (Ala.Cr.App. 1978).
It is clear that the trial judge properly suppressed the written confession. There was, however, conflicting testimony as to whether the oral confession was given before or after Nunley promised to recommend probation for the appellant. Conflicting testimony regarding the voluntariness of a confession raises a question for the trial judge and his ruling will not be disturbed on appeal unless it is manifestly wrong or palpably contrary to the weight of the evidence. Hewitt v.State, 389 So.2d 157, 168 (Ala.Cr.App. 1980); Kuczenska v.State, 378 So.2d 1182, 1184 (Ala.Cr.App. 1979), cert. denied,378 So.2d 1186 (Ala. 1980), and authorities cited therein.
Although the written confession was properly excluded, the oral confession was properly admitted in view of Nunley's testimony that prior to taking the oral confession he advised Hadley of his rights, that Hadley indicated that he understood his rights, that Hadley appeared sober and coherent, that no threats were made, and that any statement made to Hadley concerning probation was made after Hadley *Page 467 
had been warned of his rights and had given his oral confession. In light of this testimony, the trial court's ruling admitting the oral confession was not manifestly wrong or palpably contrary to the weight of the evidence.
Hadley also argues that his oral confession was inadmissible because it "merged" with the written confession as they were "made in extremely close intervals of time and appear to be one and the same act." This argument is undermined by the trial judge's ruling that the oral confession was admissible and the written confession inadmissible. In making this ruling, the trial judge must, of necessity, have found that the confessions were made in two separate acts.
The oral confession was in no way "tainted" by Nunley's subsequent promise to recommend that appellant be given probation. As this Court stated in Chatman v. State,380 So.2d 351, 354 (Ala.Cr.App. 1980): "Since any discussion of possible lenient treatment of appellant occurred after appellant's confession, no inducement to confess was present." See alsoRowe v. State, 421 So.2d 1352, 1355 (Ala.Cr.App. 1982) ("The oral confession was completed at the time help was mentioned and therefore the offer could not have induced the confession").
 II
Hadley further asserts that the trial court erred in admitting his oral confession because the State failed to establish proof of the corpus delicti before introducing the confession.
"The traditional rule in Alabama is that a defendant's confession may not be admitted into evidence until proof of the corpus delicti has been established by evidence independent of the confession." Tice v. State, 386 So.2d 1180, 1185
(Ala.Cr.App.), cert. denied, 386 So.2d 1187 (Ala. 1980). In proving the corpus delicti, which "may be defined in its primary sense as the fact that a crime actually has been committed", Malone v. State, 37 Ala. App. 432, 434, 71 So.2d 99
(1953), cert. denied, 260 Ala. 699, 71 So.2d 101 (1954), the State is not required to produce direct evidence, but may rely on facts and circumstances which afford an inference that a crime has occurred. See Tice, supra; Gunaca v. State,383 So.2d 590 (Ala.Cr.App. 1980).
The corpus delicti of a theft consists of two elements: "(1) That property was lost, and (2) that it was lost as a result of felonious taking." Burlison v. State, 369 So.2d 844, 848
(Ala.Cr.App.), cert. denied, 369 So.2d 854 (Ala. 1979). Prior to introducing Hadley's confession, the State called Robert Johnson, an employee of Container Corporation of America. Johnson testified that, during July, 1982, certain equipment was discovered to be "missing" from the fenced in property area of the Corporation's headquarters at Lottie, Alabama. He enumerated the missing items, based on an inventory he had made, and placed a value of $350 on the equipment. In testifying, Johnson made a reference to "the stolen equipment."
While we certainly do not commend this as a model to be followed when proving the corpus delicti of a theft, we think that Johnson's testimony was sufficient to raise an inference that the equipment was lost due to a felonious taking. Therefore, Hadley's confession was properly introduced.
 III
During the prosecutor's closing argument, defense counsel objected and moved for a mistrial. After the jury was excused from the courtroom, the following occurred:
 "MR. NORTON (District Attorney): Your Honor, I said that if Mr. Hadley wanted to tell Mr. Nunley.
 "MR. WHETSTONE (Defense Counsel): Your Honor, Mr. Norton made a direct comment about the failure of Mr. Hadley to take the stand and said that if Mr. Hadley had of gotten up here and said something.
"MR. NORTON: No, sir, Mr. Whetstone, I did not. *Page 468 
 "MR. WHETSTONE: That's the way I heard it and remember it. I took it as a direct comment to this Jury that Mr. Hadley did not take the stand which cannot be erased from the minds of these ladies and gentlemen. That's the way I heard it.
 "MR. NORTON: What I said, and I will quote it for the record specifically, if Mr. Hadley wanted to tell Mr. Nunley that he stole it, he had a right certainly.
 "Now, Judge, that's the evidence from the stand and that's what he said.
 "MR. WHETSTONE: I don't recall it that way. I took it that you meant that he had the right, he was talking about evidence coming from the Stand or arguing that.
 "MR. NORTON: No, sir, nothing was said to that effect. That's a direct quote of what I said.
 "THE COURT: Well, I was listening and my vague impression was that he was talking about the confession with Mr. Nunley.
 "MR. NORTON: I have never in my career made a comment like that.
 "MR. WHETSTONE: Well, I'm not saying it was intentional.
 "THE COURT: Well, I'm going to deny the motion for a mistrial and I know you except."
What this Court said in Redus v. State, 398 So.2d 757, 761-62
(Ala.Cr.App.), cert. denied, 398 So.2d 762 (Ala. 1981), applies here:
 "In order to predicate error on prejudicial comments of the prosecutor, counsel must either have the court reporter transcribe the statements objected to into the record or else state the substance of the statement or comment into the record in sufficient detail that this court can comprehend what was said. Whitt v. State, Ala., 370 So.2d 736 (1979); Tillman v. State, Ala., 374 So.2d 926 (1979). In the instant case, the objection was fragmentary and the substance of the prosecutor's comments was not set out with sufficient clarity for us to determine whether or not the comment pointed out to the jury the appellant's failure to take the stand and testify. Defense counsel's rendition of the comment was disputed by both the prosecutor and the trial judge when the objection was made. We cannot judge from the record who was correct in this regard, but the law presumes the ruling of the trial court to be correct in the absence of a clear showing otherwise. Huffman v. State, Ala.Cr.App., 360 So.2d 1038 (1977), affirmed, Ala., 360 So.2d 1045 (1978)."
The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.